---

(No. 13838.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ZIMMIE SISK, Plaintiff in Error.

*Opinion filed April 21, 1921.*

1. CRIMINAL LAW—*constitutional objection must relate to rights of defendant under the statute.* The courts will not entertain objections to the constitutionality of a statute unless the objections are made by one whose rights have been in some way actually affected, and a defendant who is indicted under the Motor Vehicle act for driving a tractor engine over the unprotected edge of a pavement cannot raise the question that the act is unconstitutional because it is so worded that it may apply to vehicles propelled by muscular power.

2. SAME—*whether statutory classification is arbitrary should not be submitted to jury.* Whether a classification in a statute defining an offense is based upon substantial differences, or is arbitrary and consequently illegal, is a judicial question and is not to be submitted to the jury.

3. MOTOR VEHICLES—*classification of motor vehicles under section 7 of Motor Vehicle act is not unreasonable.* Construing section 7 of the Motor Vehicle act as applying only to motor vehicles does not render it invalid as making an unreasonable or arbitrary

classification, as motor vehicles, both on account of their speed and because of their power, may properly be put in a class by themselves without such legislation being unconstitutional on the ground that the classification is arbitrary.

4. SAME—*section 7 of the Motor Vehicle act is a proper police regulation.* Section 7 of the Motor Vehicle act is a proper exercise of the general police powers of the State, as the protection of paved highways from injury to the edges thereof may be considered a police measure for the protection of persons who travel over said highways.

5. SAME—*provisions of section 7 of Motor Vehicle act are not foreign to its title.* Section 7 of the Motor Vehicle act does not violate the constitutional provision that an act shall not contain subject matter not embraced within its title, as said section is a proper regulation of motor-driven vehicles although its purpose tends also to protect hard roads.

6. CONSTITUTIONAL LAW—*a classification is proper if all members of a class are affected alike.* Laws will not be regarded as special or class legislation merely because they affect one class and not another, provided they affect all members of the same class alike.

7. SAME—*statute cannot be held invalid because it is unwise.* If a statute is not obnoxious to the provisions of the State or Federal constitution the Supreme Court will not declare it invalid because it is unwise.

8. SAME—*purpose of provision that subject of act must be expressed in title.* The purpose of the constitutional provision that the subject of an act must be expressed in the title is to prevent the joining in one act of incongruous and unrelated matters and to prevent the inclusion in an act of provisions foreign to the subject of legislation and which have no legitimate tendency to accomplish the purpose of the act as expressed in the title.

9. SAME—*"provisions" of an act may be diverse and still be in furtherance of the "subject."* Any number of provisions may be contained in an act, however diverse they may be, so long as they are not inconsistent with or foreign to the general subject and so long as they may be considered in furtherance of such subject, as the word "subject" is not synonymous with "provision."

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding.

T. C. BUXTON, and REARICK & MEEKS, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, JOHN H. LEWMAN, State's Attorney, and ALBERT D. RODENBERG, (BUELL H. SNYDER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was indicted in the circuit court of Vermilion county, with two other persons, for violating section 7 of the Motor Vehicle act. The prosecution as to the other two defendants was dismissed and on trial Sisk was found guilty by the jury and the court entered a judgment fining him $10 and costs. This writ of error was sued out to review that judgment.

There is no dispute as to the facts. Plaintiff in error on August 31, 1920, in Vermilion county, Illinois, operated a traction engine,—a metal-tired vehicle weighing more than four tons,—so as to drive it onto and over the edge of a paved public highway without protecting the edge by putting down solid planks or other suitable device to prevent said vehicle from breaking off the edges of such pavement. The record shows that small pieces were chipped out of the edge of the pavement by the lugs on the metal tires when the engine was several times run over the edge of a concrete road near Armstrong, in said county.

Section 7 of the Motor Vehicle act, upon which the indictment was based, reads as follows: "No tractor, traction engine or other metal-tired vehicle, weighing more than four tons, including the weight of the vehicle and its load, shall drive up onto, off or over the edge of any paved public highway in this State, without protecting such edge by putting down solid planks or other suitable device to prevent such vehicle from breaking off the edges of corners of such pavement." (Hurd's Stat. 1919, p. 2621.)

Counsel for plaintiff in error insist that section 7 is special legislation in making classifications of different sorts which are arbitrary and unreasonable; that the section also is obnoxious to the provisions of the constitution, State and

Federal; and they further insist that the subject matter of said section was not embraced within the title of the act, and therefore the act was passed in violation of section 13 of article 4 of the State constitution.

As to the argument of counsel that section 7 is special legislation and that if construed according to its wording it would not only apply to motor vehicles as that term is used in the Motor Vehicle act but also might embrace other vehicles propelled by muscular power, plaintiff in error is not in position to question the section on that ground. The evidence shows, without contradiction, that he was operating a traction engine propelled by steam and not by muscular power, and this court has held frequently that the courts will not entertain objections to the constitutionality of a statute unless the objections are made by one whose rights have been in some way actually affected. (*People* v. *Huff,* 249 Ill. 164, and cases there cited.) If said section be construed to mean only as applying to motor vehicles, we do not think such subdivision is unreasonable or arbitrary. This court has held that laws will not be regarded as special or class legislation simply because they affect one class and not another, if they affect all members of the same class alike. (*Christy* v. *Elliott,* 216 Ill. 31.) In discussing the provisions of the Motor Vehicle act of 1907 this court said relative to the classification there made, that it was primarily to govern those operating motor vehicles; that such vehicles were of such a character as that they properly form a class to which, alone, legislation may apply, and that such legislation was not subject to any constitutional objection on that ground. (*Hartje* v. *Moxley,* 235 Ill. 164.) The same reasoning has been applied by this court in other cases with reference to statutes that applied only to motor vehicles. (*People* v. *Fernow,* 286 Ill. 627; *People* v. *Sargent,* 254 id. 514; *Heartt* v. *Village of Downers Grove,* 278 id. 92; *Westfalls Storage Co.* v. *City of Chicago,* 280 id. 318.) This court in discussing

motor vehicles said in *City of Chicago* v. *Kluever*, 257 Ill. 317, on page 324: "These ponderous vehicles, driven by powerful engines, are a menace to the public safety unless managed and driven by persons who are competent and qualified to operate them. Those used for transporting heavy merchandise are practically engine-driven freight cars." Motor vehicles, not only on account of their speed but on account of their power, are in a class by themselves, and under the repeated decisions of this court they are properly put in a class by themselves without such legislation being unconstitutional on the ground that the classification is unreasonable. This objection is without merit.

Counsel for plaintiff in error argue strenuously that this legislation is unwise and therefore ought to be held void by this court. This court has never assumed the right to pass on the wisdom or propriety of legislative enactments. It has never declared laws valid or invalid because they were wise or unwise or because they tended to advance or to retard justice. If legislation is not obnoxious to the provisions of the constitution of State or nation this court has never attempted to declare such legislation invalid because it was unwise. (*People* v. *Dunne*, 258 Ill. 441, and cases there cited; *People* v. *Henning Co.* 260 id. 554.) If this section of the statute is unjust and unfair to the owners of tractors, so long as it does not interfere with any of the constitutional provisions of the State or Federal government the question of the unwisdom of the law is a question for the legislature and not for the courts.

Counsel for plaintiff in error contend that section 7 is unconstitutional because not within the provisions of the title of the act, which reads, "An act in relation to motor vehicles and to repeal a certain act therein named," and that the purpose of said section is entirely foreign to any law regulating motor-driven vehicles and that its purpose is to protect the roads from being damaged by heavy traffic. Counsel's argument that the provisions of the act must

refer only to motor-driven vehicles and not to the protection of hard roads is without merit. This court has said that the only purpose of this constitutional provision as to expressing the subject in the title is to prevent the joining in one act of incongruous and unrelated matters, and that the word "subject" is not synonymous with "provision." Any number of provisions may be contained in an act, however diverse they may be, so long as they are not inconsistent with or foreign to the general subject and so long as they may be considered in furtherance of such subject. (*People* v. *McBride,* 234 Ill. 146.) The title of an act is not intended to be an index of its contents. The object of the constitutional restriction is to prevent the inclusion in an act of provisions foreign to the subject of legislation which have no legitimate tendency to accomplish the purpose of the act as expressed in the title. Provisions, however diverse, which tend to make effectual the purpose so expressed may be included in the act though not expressed in the title. (*Mitchell* v. *Lowden,* 288 Ill. 327.) The Motor Vehicle act of 1917 was held valid though it included a section which penalized the possession of a motor vehicle of which the manufacturer's serial number had been removed, defaced or covered while the title of the act said nothing about this particular matter. (*People* v. *Fernow, supra.*) The Motor Vehicle act of 1911 was held valid though it included a section which prohibited any person from operating a motor vehicle as a chauffeur until such person had been licensed by the Secretary of State, the subject matter of said section not being specifically mentioned in the title. (*People* v. *Sargent, supra.*) The Motor Vehicle act of 1903 was held valid even though it provided in one of its sections that a person driving an automobile should come to a full stop whenever it appeared that any horse driven by any person on the highway was about to become frightened by the approach of such automobile. (*Christy* v. *Elliott, supra.*) Section 7 is a police

regulation founded upon the general police powers granted the legislative branch of the government. The General Assembly of the State would certainly have the same authority, under its general police power, to pass an act for the general protection of the property of the public as to pass an act for the general protection of the property of an individual. It might also be well argued that protection of paved highways from injury to the edges thereof would be a police measure for the protection of persons who travel over said highways. A broken and roughened edge of a paved highway might easily be the cause of serious accidents to persons using the highway and also cause damage to the property of such persons. We conclude that under the reasoning of the authorities already cited, section 7 is not in conflict with the constitutional provisions referred to by counsel.

Plaintiff in error offered to prove on the trial before the jury that the highways were used constantly for the hauling of loads of brick and coal by means of wagons with metal tires, pulled by horses, which loads greatly exceeded the four-tons limit named in the statute in question, and that certain highways are also generally used for the purpose of moving houses, which weigh much more than four tons, and for moving heavy machinery. This evidence was refused by the trial court, and it is insisted by counsel for plaintiff in error that if the jury were judges of the law, including the constitutionality of the section in question, then the court should have permitted this evidence to be introduced. Whether classification is based upon substantial differences, or is arbitrary and consequently illegal, is a judicial question and not one that should be submitted to the jury. *People* v. *Schenck,* 257 Ill. 384.

We find no error in the record. The judgment of the circuit court will be affirmed.        *Judgment affirmed.*