SPECTOR, District Court Judge.
Appellant, plaintiff below, appeals from judgments entered in favor of each of the appellees who were defendants in a personal injury action arising out of an automobile accident.
Appellant was a guest passenger in a motor vehicle driven by appellee Heilman *545 which collided with a car driven by the other. appellee, Oliver. The Heilman car was traveling south on a four-lane arterial highway and undertook to enter a side road going to the left and in doing so crossed at an opening in the median strip and proceeded to traverse the northbound lanes of the same highway. Oliver was proceeding northward in that half of the highway and as the Heilman car was traversing those lanes, the Oliver car struck Heilman’s car.
Having sustained substantial injuries, the appellant brought a single action in which she charged each of the colliding drivers with negligence. As to the appellee Heilman, the host driver, the appellant was required to prove gross negligence, whereas only ordinary negligence had to be proved in her claim against the appellee Oliver who was driving the other car. The appellant’s claim against each of the defendants proceeded to trial before a jury which returned verdicts of not guilty in favor of each of the defendants. Subsequently the trial judge entered separate final judgments pursuant to the verdicts.
Separate notices of appeal were filed by the appellant seeking review of the judgments for each of the defendants. Both appeals were taken to this court and pursuant to appellant’s motion have been consolidated here.
The jurisdictional basis for this direct appeal arises from appellant’s attack on the validity of the automobile guest statute, Section 320.59, Florida Statutes Annotated. Said statute was ruled valid by the trial court and is the primary question involved in appellant’s claim against the host driver, Heilman. The issues in appellant’s claim against the other appellee, Oliver, revolve around the correctness of the trial judge’s instructions to the jury and do not involve any constitutional considerations. Thus, were we concerned in this appeal solely with the appellee Oliver’s judgment against appellant, there would be no basis upon which that matter would come within our jurisdiction. However, the Oliver judgment does not stand alone in this cause for it was rendered in the same action in which the Heilman judgment was rendered. True, there were two judgments, but there was only one action; one complaint was filed in which the two appellees herein were designated defendants, and one trial of the issues was had before one jury.
Although two separate notices of appeal were filed by the appellant which resulted in the docketing of two cases, Nos. 35,070 and 35,071, which were earlier consolidated for appeal purposes, in reality these two cases are one. In Deerfield Beach Bank v. Mager, Fla.App., 140 So.2d 120, it was held that Florida Appellate Rule 3.11, subd. a, 31 F.S.A. has the effect of combining the two cases which resulted from the improvident filing of two notices of appeal by the appellant since the rule provides that:
“Any party who shall feel aggrieved by a final decision, order, judgment or decree may take an appeal and all parties to the cause who are not named as parties appellant shall automatically become parties appellee.” (Emphasis supplied.)
Thus, one cause of action was improvidently split by the appellant by separate appeals from two judgments rendered in one action in favor of each of the defendants and one notice of appeal would have sufficed. In Stewart v. Codrington, 45 So. 809 (Fla.1908), this court having before it a materially analogous situation where there was one plaintiff and two or more defendants held that:
“ * * * In the instant case the two judgments disposed of the whole case of the plaintiff in his joint suit against the defendants. The effect of the two judgments was single as to him.”
In Drummond Blow Title Corp. v. Blatnick, 157 So.2d 711, the Third District Court of Appeal, in effect, held that where two judgments were entered in the same *546 case, both judgments were properly included in a single notice of appeal since they were entered in one case in the trial court.
Having thus reached the view that what on the surface appears to be two separate appeals is in reality only one, we have jurisdiction to dispose of the entire matter, including such issues over which we would not have jurisdiction on direct appeal if they stood alone. Stadnik v. Shell City, Inc., Fla., 140 So.2d 871.
Appellants ask us to invalidate the guest statute which we upheld twenty-five years ago in McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867. We detect no analogy between the instant case and our recent opinion in Georgia Southern and Florida Railway Company v. Seven-Up Bottling Co., Fla.App., 175 So.2d 39, which would impel us to recede from McMillan and the numerous decisions which have followed it. In the case at bar we do not sense so drastic a change in circumstances as would justify our receding from our prior guest statute opinions. If, as appellants contend, the statute is unfair, relief will have to come from the Legislature.
The. judgment in favor of Heilman against Hillock is affirmed in all respects. Finding no reversible error in the judgment in favor of the defendant Oliver, it too is affirmed.
It is so ordered.
O’CONNELL, C. J., and ROBERTS, DREW and CALDWELL, JJ., concur.
THOMAS, J., concurs in part and dissents in part with opinion.
THORNAL, J., concurs in part and dissents in part and agrees with THOMAS, J.