(No. 41616.—

PHILIP DELANY, Appellant, *vs.* ANTHONY BADAME, Appellee.

*Opinion filed September 30, 1971.*

John B. Cashion, of Chicago, for appellant.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Springfield, (Michael J. Costello, of counsel,) for appellee.

Mr. Justice Ryan delivered the opinion of the court:

This case involves the constitutionality of the Illinois guest statute. Ill. Rev. Stat. 1967, ch. 95½, par. 9—201.

On the night of August 22, 1963, Anthony Badame, age 16, was driving his father's motor vehicle upon a rural country road. He was accompanied by Philip Delany, a minor, and Samuel Gray. The road was level, and the surface was treated gravel. The weather was clear, and there were no obstructions to vision. The vehicle, while negotiating a curve, slid off the road and into a tree injuring the plaintiff, Philip Delany. The original action in the circuit court of Lake County involved additional defendants and additional counts. However, this appeal is only concerned with the count of the complaint which charged the driver with ordinary negligence, which count was dismissed, and with the wilful and wanton count against the driver upon which the jury returned a verdict of not guilty.

The plaintiff in his brief and argument assails the constitutionality of the guest statute of this State, and the propriety of denying plaintiff's motion for judgment notwithstanding the verdict of the jury on the issue of liability, and charges that the conduct of the trial was so prejudicial to the plaintiff as to justify a new trial.

Plaintiff contends that the guest statute is unconstitutional because of the grant of special immunities, that it is in violation of the police power of this State, and in violation of due process of law under the Illinois and United States constitutions. Many cases are cited from Illinois and other jurisdictions, and the parties have filed a joint brief purporting to give the holdings in all jurisdictions in the United States where the constitutionality of guest statutes has been considered.

We have previously considered and upheld the constitutionality of our guest statute (*Clarke* v. *Storchak* (1944), 384 Ill. 564.) However, plaintiff insists that this court did not therein consider the constitutional questions raised on this appeal.

Plaintiff claims the statute is in violation of section 22 of article IV of the Illinois constitution which prohibits the General Assembly from passing local or special laws in certain cases, including granting to individuals any special or exclusive privilege, immunity or franchise. Plaintiff claims the guest statute grants to the owner or operator of a motor vehicle a special immunity in violation of section 22 article IV of the Illinois constitution. To this challenge we shall address ourselves. Cases arising under this section of our constitution hold that classification of subjects or objects must be based on some reasonable and substantial difference in kind, situation, or circumstance bearing proper relation to purposes to be attained by the statute. (*Joseph Triner Corp.* v. *McNeil* (1936), 363 Ill. 559, 104 A.L.R. 1435, affirmed in *McNeil* v. *Joseph Triner Corp.*, 299 U.S. 183, 81 L. Ed. 109.) We have also held that there is always a presumption that the General Assembly acted conscientiously, that the court will not interfere with its judgment unless classification is clearly unreasonable and palpably arbitrary, and that all reasonable doubts are to be resolved in favor of upholding the validity of a statute. *City of Danville* v. *Industrial Com.* (1967), 38 Ill.2d 479.

Plaintiff relies upon *Harvey* v. *Clyde Park District* (1965), 32 Ill.2d 60, in which case we held unconstitutional a statute which granted immunity from tort liability to park districts holding, in effect, that it was a special immunity to disallow a recovery to a person injured in one taxing district, who might be similarily injured in another non-immune taxing district. We shall distinguish *Clyde Park District* later in this opinion. Plaintiff hypothesizes instances of a minor being injured in different tort situations. Where he is injured as a guest passenger in an automobile, or airplane, he must prove wilful and wanton conduct, but if he is injured in the same situation in a motorboat, or while a social guest in a home, he can recover on simple negligence. He also cites illustrations that the owner or operator is no

different than many other classes of persons against which a claim for negligence can be based, such as the manufacturer, seller, distributor, *etc.* However, this does not make our guest statute an improper classification. The classification in our statute, except as judicially construed as to minors, applies to all guests. It is for the protection of the owner or operator of the motor vehicle. In *Summers* v. *Summers* (1968), 40 Ill.2d 338, we said at page 341 : "* * * each of these cases recognizes that guest statutes were enacted primarily to protect those who gratuitously transport others in their automobile." The primary purpose of the statute is to protect the interest of those who gratuitously extend the hospitality of their motor vehicles.

Both sides have cited *Silver* v. *Silver* (1928), 108 Conn. 371, 143 A. 240, affirmed (1929) in 280 U.S. 117, 74 L. Ed. 221, 50 S. Ct. 57. This case arose in Connecticut where a guest passenger sued the driver for negligence. Their statute provided that guests did not have a cause of action unless the accident was intentional, heedless or reckless. A directed verdict resulted, and the question of classification was considered by the Supreme Court of Connecticut, and went to the Supreme Court of the United States upon the proposition of the denial to the plaintiff of the equal protection of the laws guaranteed by the fourteenth amendment.

The Connecticut Supreme Court (108 Conn. 371, 378, 143 A. 240, 243) disposed of the question of classification by stating that ever since motor vehicles have come into general use they have been classified separately, and that the "basis of the classification is the automobile, and the act affects alike all those who may elect to be transported in it as guests of its owner or operator. * * * Primarily the question of classification is for the legislature, and the courts will not interfere unless the classification is clearly unreasonable." Citing *People v. Sisk, 297* Ill. 314.

The rationale of *Silver* v. *Silver* has been followed by the courts of ten other States which have considered the

constitutionality of guest statutes requiring proof of wilful and wanton conduct, and in all such States, the act has been held constitutional as not granting a special immunity nor making an improper classification. See, Arkansas: *Roberson* v. *Roberson* (1937), 193 Ark. 669, 101 S.W.2d 961, "wilful and wanton"; Colorado: *Vogts* v. *Guerrette* (1960), 142 Colo. 527, 351 P.2d 851, "intentional, intoxication or wilful and wanton"; California: *Ferreira* v. *Barham* (1964), 230 Cal. App. 2d 128, 40 Cal. Rptr. 739, "intoxication or wilful conduct"; Delaware: *Gallagher* v. *Davis* (1936), 37 Del. 380, 183 A. 620, "intentional wilful or wanton"; Kansas: *Wright's Estate* v. *Pizel* (1950), 168 Kan. 493, 214 P.2d 328, "gross wanton negligence"; Ohio: *Smith* v. *Williams* (1935), 51 Ohio App. 464, 1 N.E.2d 643, "wilful or wanton misconduct"; Oregon: *Perozzi* v. *Ganiere* (1935), 149 Or. 330, 40 P.2d 1009, "intentional or gross negligence or intoxication"; South Carolina: *Fulghum* v. *Bleakley* (1935), 177 S. C. 286, 181 S.E. 30, "intentional or heedless"; Texas: *Campbell* v. *Paschall* (1938), 132 Tex. 226, 121 S.W.2d 593, "intentional or heedless"; and Washington: *Shea* v. *Olson* (1936), 185 Wash. 143, 53 P.2d 615, "intentional or gross negligence or intoxication".

There are guest statutes in Idaho, Indiana, Iowa, Montana, Nevada, North Dakota, South Dakota, Utah, Vermont and Wyoming, but no cases involving the constitutionality of the statute. The only States which have apparently denied the constitutionality of guest statutes have been Arkansas, Delaware, Kentucky and Oregon, but Delaware and Oregon later amended their acts which were subsequently held constitutional. (See cases from these jurisdictions cited above.) In Arkansas: *Emberson* v. *Buffington* (1957), 228 Ark. 120, 306 S.W.2d 326, and in Kentucky: *Ludwig* v. *Johnson* (1932), 243 Ky. 533, 49 S.W.2d 347, both acts were held unconstitutional because they denied *any* cause of action to a guest passenger.

In Illinois the guest statute does not preclude a cause of action to the injured party but changes the degree of fault necessary for a recovery from that of the common law. This is different from the statute involved in *Harvey* v. *Clyde Park District* relied upon by the plaintiff. In that case the statute denied any cause of action to the injured party.

American Jurisprudence has summarized the guest statutes of all jurisdictions in the following language: "The so-called 'guest' statutes which merely limit the liability of the owner or operator of a motor vehicle toward his gratuitous guest by requiring a degree of negligence or misconduct greater than ordinary negligence as a condition of the liability of the owner or operator for injuries to such a guest, but which do not wholly deny a gratuitous guest a right of action against the owner or operator of a motor vehicle, have generally been held constitutional. Such statutes are generally sustained as a reasonable exercise of the police power of the state to conserve human life and safety, provided the guest is not deprived of all remedy for a justiciable injury. Such statutes have been held constitutional as against objections that they deny one of due process of law, a remedy at law, or access to the courts; that they deny equal protection of the laws; violate equal privileges and immunities provisions; infringe vested rights; or violate provisions relating to the judicial powers of the state, or with respect to damages or the constitutional right to trial by jury." 8 Am. Jur. 2d, Automobiles and Highway Traffic, sec. 472.

Plaintiff also contends that the guest statute violates the due process clause of the State and Federal constitutions. This point was directly passed on in *Clarke* v. *Storchak*, 384 Ill. 564, where it was stated at page 579: "The 'guest statute' does not violate the 'due process' clause of the Federal constitution, nor sections 2 or 19 of article II of our constitution, and is valid under the police power of the State."

Plaintiff has urged that we judicially abolish the guest statute rather than wait for the legislature to act. We believe the challenges to the guest statute are for the legislature and not the courts. In *People* v. *Sisk* (1921), 297 Ill. 314, a section of the Motor Vehicle Code which prohibited the operation upon public highways of tractors with lugs was challenged as to its constitutionality. This court stated: "This court has never assumed the right to pass on the wisdom or propriety of legislative enactments. It has never declared laws valid or invalid because they were wise or unwise or because they tended to advance or to retard justice. If legislation is not obnoxious to the provisions of the constitution of State or nation this court has never attempted to declare such legislation invalid because it was unwise. [Citations.] If this section of the statute is unjust and unfair to the owners of tractors, so long as it does not interfere with any of the constitutional provisions of the State or Federal government the question of the unwisdom of the law is a question for the legislature and not for the courts." 297 Ill. at 318.

Similar statements concerning the guest statutes can be found in the opinions of the highest courts in other States. (See: Delaware: *Gallagher* v. *Davis* (1936), 183 A. 620, "the legislature resolved to change the public policy"; Florida: *Hillock* v. *Heilman* (1967), 201 So.2d 544, "If, as appellants contend, the statute is unfair, relief will have to come from the legislature"; Michigan: *Naudzius* v. *Lahr* (1931), 253 Mich. 216, 234 N.W. 581, "Whether the feared evils of the act will produce carelessness in driving and overshadow the evils sought to be remedied by it goes to the wisdom, not the validity, of the law, and is for the legislature, not this court, to consider. The legislature has the right to experiment to attain a desired result"; New Jersey: *Lippman* v. *Ostrum* (1956), 22 N.J. 14, 123 A.2d 230, No guest statute was involved, but the court said that such a change should be left to the legislature and for the

court to work such a rejection would constitute a judicial intrusion on the law making function; and Washington: *Shea v. Olson* (1936), 185 Wash. 143, 53 P.2d 615, "These were matters upon which the legislature could exercise its discretion, and with which the courts are not concerned."

Plaintiff has set forth several other reasons why the guest statute should be discarded. In line with the previous holdings of this court and those from other jurisdictions referred to above, if there is adequate cause for abolishing the guest statute because of changed circumstances, the same must be considered by the legislature. The following arguments put forth by the plaintiff do not warrant judicial consideration: an uncomplicated rule of ordinary negligence is the easiest and fairest to apply; the guest statute arbitrarily discriminates between property rights and rights of personal security; the guest statute, instead of promoting safety tends to reward a lack of safety; the statute bears no substantial relation to the prevention of collusive suits; the statute bears no substantial relationship to the purpose of avoiding multiplicity of litigation; and the statute is unconstitutional since nine out of ten automobiles have public liability insurance.

Accordingly, we hold, after a careful review and study of the decisions of this State and of the decisions in other States that our guest statute is constitutional, and that the dismissal of the count alleging simple negligence was proper.

Plaintiff further contends that he is entitled to judgment notwithstanding the verdict of not guilty on the issue of liability, that certain errors occurred at the trial and that the court erred in giving the IPI wilful and wanton instruction. IPI Civil, 14.101.

On the question of liability as to the wilful and wanton count the evidence primarily concerned the condition of the road and speed. The defendant Anthony J. Badame, age 16,

was driving his father's automobile and was accompanied by the minor plaintiff and another boy. They were just out driving and had previously left the defendant's home located nearby. The defendant was very familiar with the road and with the presence of chuckholes in the same. They were negotiating a curve when the vehicle went off the road and struck a tree. The road was level and composed of treated gravel. The automobile was in good mechanical condition. There was a speed control sign for the area where the accident happened which posted the speed at 35 miles per hour. The defendant testified he was driving 30 miles per hour but admitted he had stated 35 to 40 miles per hour in a deposition. An officer testified that the defendant had told him, on the night of the accident, he was going 40 miles per hour. Many cases have held that wilful and wanton misconduct is peculiarly a question of fact for the jury. Under our holding in *Pedrick* v. *Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, the trial court could have entered a judgment for the plaintiff on the question of liability notwithstanding the verdict of not guilty only when all of the evidence when viewed in an aspect most favorable to the defendant so overwhelmingly favored the plaintiff that no contrary verdict on that evidence could ever stand. We cannot say on the basis of the foregoing evidence that the verdict of the jury was wrong or that under the rule announced in *Pedrick,* plaintiff was entitled to a directed verdict on the question of liability. The trial court properly denied plaintiff's motion for judgment notwithstanding the verdict.

As to the trial errors claimed by the plaintiff it is contended that defense counsel improperly stressed the financial position of defendant by showing that he was a student at the University of Illinois. We can see no prejudice to the plaintiff by the allowance of such testimony. The occupation of a witness is a proper subject of inquiry and we do

not read into the question the sole purpose of showing to the jury the defendant's poor financial condition. Nor was there any improper stressing of defendant's financial condition.

Plaintiff also asserts that he was improperly restricted in asking certain questions of the defendant's father and the defendant concerning their opinion as to whether 30 miles per hour was in fact too fast a speed to drive on the curve where the accident happened. It has been held in this State that a witness familiar with the speed of a vehicle may testify to the speed of an observed vehicle, and, although unable to give the speed in miles per hour, he may state it as fast or slow. (*McKenna* v. *Chicago City Ry Co.,* 296 Ill. 314.) This is not to say that a witness can say what he believes too fast a speed is. All of the charges of wilful and wanton conduct contained in the complaint relate to the speed at which the minor defendant was allegedly operating his automobile and whether the speed was too fast was an ultimate fact to be determined by the jury.

As to the objection to the giving of the IPI instruction defining wilful and wanton conduct the court omitted therefrom that portion which refers to actual or deliberate intention to harm. The plaintiff contends that the instruction as given did not define wilful and wanton conduct but only defined wanton conduct and therefore the court should have omitted the words "wilful and" from the instruction. It is noted that no objection to the giving of this instruction was raised at the conference on instructions. The objection was raised for the first time in the plaintiff's post-trial motion. Accordingly, we consider that the same has not been properly preserved for review. *Barrett* v. *Fritz,* 42 Ill.2d 529.

The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*