RICHARD OSTERGREN, Plaintiff-Appellant, *v.* FOREST PRESERVE DISTRICT OF WILL COUNTY, Defendant-Appellee—(Forest Preserve Board of Will County, Defendant).

Third District No. 82—852

Opinion filed September 19, 1983.

James A. Corrigan, Bernard R. Nevoral, and Bryan J. O'Connor III, all of Nevoral and Corrigan, Ltd., of Chicago, for appellant.

Thomas C. Broderick, of Quinn and Broderick, of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

This action was brought by Richard Ostergren to recover damages for personal injuries alleged to have been caused by the negligence of the Forest Preserve District of Will County, the Forest Preserve Board of Will County and the County of Will, in maintaining and supervising the forest preserve for use by snowmobilers. The plaintiff's

complaint states that he was severely injured when the snowmobile he was operating "struck an excavation, trench or mound at the [Sauk Trail] Forest Preserve and [he] was thrown from [the] snowmobile." Upon motion by the County of Will, the court granted summary judgment in the county's favor, and that defendant is no longer a party to this suit. The Forest Preserve District similarly sought to be dismissed, initially on grounds that plaintiff's cause of action is barred by section 3 of "An Act to limit the liability of landowners who make their land and water areas available to the public for recreation purposes" (Ill. Rev. Stat. 1981, ch. 70, par. 33), and later on grounds that the cause of action is barred by force of section 5—1(I) of the "Snowmobile Registration and Safety Act" (Ill. Rev. Stat. 1981, ch. 95½, par. 605—1(I)). The trial court denied the former motion and granted the latter. It is from the granting of the Forest Preserve District's motion to dismiss that plaintiff appeals. The sole issue presented for our review is whether the statutory authority upon which defendant Forest Preserve District's motion was based is constitutional.

■■ While the precise question before us is one of first impression in this State, the arguments presented by the plaintiff in urging a reversal based on a finding that the statute is unconstitutional are not novel.

The statute, in pertinent part, reads as follows:

> "An owner, lessee, or occupant of premises owes no duty to keep the premises safe for entry or use by others for snowmobiling, or to give warning of any unsafe condition or use of or structure or activity on such premises. This subsection does not apply where permission to snowmobile is given for a valuable consideration other than to this State, any political subdivision or municipality thereof, or any landowner who is paid with funds from the Snowmobile Trail Establishment Fund." (Ill. Rev. Stat. 1981, ch. 95½, par. 605—1(I).)

Plaintiff initially contends that the statute is unconstitutional because it creates an arbitrary classification in violation of equal protection and special legislation clauses of the Illinois and United States constitutions. Plaintiff's alternative argument is that the statute unconstitutionally denies the plaintiff his right to due process of law by totally extinguishing a common law cause of action.

The statutory provision before us contains two sentences which initially categorize snowmobilers depending upon whether they give "valuable consideration" for permission to use the premises and grants immunity to landowners/occupiers who are not recipients of "valuable consideration." The second sentence provides a further

breakdown for the category of landowners/occupiers who are given such consideration, depending upon whether the recipient is: (1) a body politic or a private landowner paid by funds from the Snowmobile Trail Establishment Fund (Ill. Rev. Stat. 1981, ch. 95½, par. 609—2); or (2) any other landowner/occupier. Immunity is granted in the former subcategory.

The plaintiff in this case was granted leave to amend his complaint to add the allegation that "[p]laintiff is a taxpayer of the State of Illinois and the FOREST PRESERVE DISTRICT OF WILL COUNTY, Illinois." In his appeal, plaintiff urges that, by force of this allegation, he acquires standing to challenge the constitutionality of the subclassification in the second sentence between private and public landowners/occupiers on equal protection grounds. We cannot agree. Clearly, the legislative intent in separating the categories of landowners/occupiers between those accepting "valuable consideration" and those who do not is to recognize that the duty owed by persons or entities who are paid for the use of their property by snowmobilers is greater than that owed by persons or entities not so paid. This distinction between the gratuitous provider and the paid is not uncommon in the law (see *Pashinian v. Haritonoff* (1980), 81 Ill. 2d 377, 410 N.E.2d 21 (analyzing and approving the "premises doctrine" as it affects the duty owed for the protection of trespassers, invitees and social guests); see also *Clarke v. Storchak* (1943), 384 Ill. 564, 52 N.E.2d 229 (wherein the court analogizes the guest statute's distinction between gratuitous host drivers and those who accept payment for transportation to the common law's distinctions between gratuitous bailees and bailees for hire, common carriers and private drivers, and innkeepers and social hosts)), and it is well within the police power of the State to recognize this distinction by passing legislation for the protection of gratuitous hosts. *Clarke.*

■ The mere payment of taxes by the plaintiff, without more, is not sufficient to take the governmental defendant out of the category of gratuitous landowners/occupiers for whom the statutory provision grants immunity in the first sentence. Were we to hold otherwise could lead to absurd results, since any landowner/occupier who benefits from tax-supported programs would likewise be subject to the higher standard of care contemplated in the second sentence. Ultimately, by extending this line of reasoning, the distinction could be rendered meaningless. Obviously, the General Assembly did not intend that the term "valuable consideration" be construed as the plaintiff suggests.

Having thus determined that the plaintiff in this case did not pay

valuable consideration for the use of the defendant's land, we hold that he lacks standing to complain of any unequal protection aspects of the second sentence of the statutory provision.

■■■ Our inquiry does not end here, however. The plaintiff, as a nonpaying user of the defendant's land for the purpose of snowmobiling, has clearly alleged sufficient facts to bring himself within the class of persons affected by the first sentence of section 5—1(I). That provision, without regard to the landowner/occupier's public or private character, totally abolishes the plaintiff's cause of action. Prior to the enactment of this statute, the plaintiff had a common law cause of action for negligence, subject, of course, to any common law defenses that might be available. The complaint alleges that the defendant purchased liability insurance, thereby waiving its governmental tort immunity (Ill. Rev. Stat. 1981, ch. 85, pars. 3—106, 9—103). Plaintiff contends that the effect of the statute as it applies to the facts of his case is to deprive him of his right to due process of law.

The fundamental constitutional rights to which plaintiff's arguments are directed are succinctly stated in article I, section 2, of the Illinois Constitution of 1970: "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws." The right of due process of law is found as well in section 1 of the fourteenth amendment to the United States Constitution. Article I, section 12, of the Illinois Constitution of 1970 further provides that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Thus stated is the philosophy by which plaintiff's charge of a statutory due process violation must be considered. *Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 281 N.E.2d 659; *Koskela v. Martin* (1980), 91 Ill. App. 3d 568, 414 N.E.2d 1148.

These constitutional provisions were considered by our supreme court in the context of a challenge to the Illinois "guest statute" (Ill. Rev. Stat. 1941, ch. 95½, par. 58a) in *Clarke v. Storchak* (1943), 384 Ill. 564, 576, 52 N.E.2d 229, 236. There, the court outlined the parameters of the constitutional issue by which we are guided today:

> "[S]ections 2 and 19 of article II of our constitution [presently, sections 2 and 12 of Article I], *** [provides] a broad field for the protection of persons in their property and reputation, but this does not give a vested right not subject to change by legislative power, provided the change is reasonably necessary to promote the general welfare of the people and does not destroy

a remedy. With the growth and development of the State the police power necessarily develops, within reasonable bounds, to meet the changing conditions. [Citations.] The power is not circumscribed by precedents arising out of past conditions, but is elastic and capable of expansion in order to keep pace with human progress. [Citations.]"

The court in *Clarke* ultimately determined that the "guest statute" did not violate due process under either the State or Federal constitutions and was a valid exercise of the police power of the State. In reaching its decision, the court distinguished the Illinois statute from the State of Oregon's guest statute which was declared violative of constitutional rights in *Steward v. Houk* (1928), 127 Or. 589, 271 P. 998. The Oregon statute then in effect relieved the host driver/operator from all liability, without regard to the degree of negligence. Later, the Oregon legislature enacted another guest statute which, similar to the Illinois guest statute, restricted the automobile's guest's cause of action to claims of gross negligence, intoxication and reckless conduct. The new statute was held to be clearly within the police power of the State and not violative of constitutional guarantees. *Perozzi v. Ganiere* (1935), 149 Or. 330, 40 P.2d 1009.

The *Clarke* court's comprehensive survey of "guest statutes" in sister States, and particularly, its reliance on the distinction between those statutes which totally abolished all duty of care to nonpaying passengers and those which merely restricted the owner/operator's duties, indicate to us that the court would not have hesitated to strike down as unconstitutional a guest statute of the former category. This conclusion is apparent as well from *dicta* by the Illinois Supreme Court's more recent decision in *Delany v. Badame* (1971), 49 Ill. 2d 168, 274 N.E.2d 353. In *Delany* Justice Ryan, writing for the court, succinctly summarized decisions considering the constitutionality of "guest statutes" on equal protection challenges. Justice Ryan observed that statutes in Kentucky (*Ludwig v. Johnson* (1932), 243 Ky. 533, 49 S.W.2d 347) and Arkansas (*Emberson v. Buffington* (1957), 228 Ark. 120, 306 S.W.2d 326) has been "held unconstitutional because they denied *any* cause of action to a guest passenger." (*Delany v. Badame* (1971), 49 Ill. 2d 168, 173, 274 N.E.2d 353, 355.) The argument advanced by the plaintiff against the guest statute in *Delany* (Ill. Rev. Stat. 1967, ch. 95½, par. 9—201, repealed and superseded, see Ill. Rev. Stat. 1981, ch. 95½, par. 10—201) was that it granted a special immunity to owners and operators of motor vehicles in violation of section 22 of article IV of the Illinois Constitution of 1870 (presently section 13 of article IV). The plaintiff relied on *Harvey v.*

*Clyde Park District* (1964), 32 Ill. 2d 60, 203 N.E.2d 573, wherein our supreme court struck down section 12.1 of the Park District Code (Ill. Rev. Stat. 1963, ch. 105, par. 12.1—1)[1] on grounds that the statute violated the equal protection clause of the fourteenth amendment to the Constitution of the United States and section 22 of article IV of the Illinois Constitution. The *Delany* court, however, distinguished the statute at issue in *Harvey* from the Illinois guest statute with the observation that the park district statute denied *any* cause of action to the injured party, whereas the guest statute "does not preclude a cause of action to the injured party but changes the *degree of fault* necessary for a recovery from that of the common law." (Emphasis added.) *Delany v. Badame* (1971), 49 Ill. 2d 168, 174, 274 N.E.2d 353, 355-56.

In the case before us plaintiff makes essentially the same arguments to attack the constitutionality of section 5—1(I) of the snowmobile statute as were advanced by plaintiffs in *Clarke, Harvey* and *Delany*. Having analyzed those decisions, we conclude that the statute in question is in violation of due process of law and cannot be reconciled with Illinois' philosophy of the nondestruction of remedies. Although snowmobiles may well be considered dangerous instrumentalities by some, they afford recreation for others and a convenient, useful mode of travel at times when other motor vehicles cannot be operated safely. In enacting the Snowmobile Registration and Safety Act, the legislature declared that "the policy of this State [is] to promote safety for persons and property in and connected with the use, operation and equipment of snowmobiles and to promote uniformity of laws relating thereto" (Ill. Rev. Stat. 1981, ch. 95½, par. 601—1). We fail to perceive of how section 5—1(I) can be said to promote this policy.[2]

---

[1]"[S]ection 12.1 of the Park District Code *** provides: 'Any park district shall not be liable for any injuries to person or property, or for the death of any person heretofore or hereafter caused by or resulting from the negligence of its agents, servants, officers or employees in the operation or maintenance of any property, equipment or facility under the jurisdiction, control or custody of the park district, or otherwise occasioned by the acts or conduct of such agents, servants, officers or employees.' Ill. Rev. Stat. 1963, chap. 105, par. 12.1—1. [Repealed by 1967 Ill. Laws 3561, eff. Sept. 1, 1967]." *Harvey v. Clyde Park District* (1964), 32 Ill. 2d 60, 61-62, 203 N.E.2d 573, 574.

[2]We note in passing that section 5—1(I), to the extent that it immunizes landowners/occupiers from charges of wilful or malicious misconduct, is in conflict with sections 3 through 5 of "An Act to limit the liability of landowners who make their land and water areas available to the public for recreational purposes." (Ill. Rev. Stat. 1981, ch. 70, pars. 33 through 35; *Miller v. United States* (N.D. Ill. 1976), 442 F. Supp. 555, *aff'd* (7th Cir. 1979), 597 F.2d 614.) In this respect, section 5—1(I) fails

In our opinion, the rights of landowners/occupiers, generous enough to permit snowmobiles to use their property without charge, should be carefully weighed against the rights of the snowmobilers who benefit from such landowners/occupiers. Absolute tort immunity regardless of the degree of fault on the landowner/occupier's part is not required to strike an appropriate balance. Absolute tort immunity deprives the injured party of an opportunity to be heard, destroys a remedy that existed at common law, and cannot be justified as a legitimate exercise of the police power. The statutory provision as presently written is invalid.

■ Furthermore, we hold that the second sentence of this provision is not severable from the first without jeopardizing the intent of the legislature. (*Cf., Mills v. County of Winnebago* (1969), 104 Ill. App. 2d 366, 244 N.E.2d 65.) It is obvious to us that the General Assembly would not have passed the subsection with the invalid portion eliminated (*Livingston v. Ogilvie* (1969), 43 Ill. 2d 9, 23, 250 N.E.2d 138, 146). Under the circumstances here presented, even though we have no occasion to reach the constitutionality of the classifications contained within the second sentence of subsection 5—1(I), it must be stricken along with the invalid provision, at least until such time as the General Assembly may choose to reenact a less comprehensive provision to protect landowners from claims for injuries caused to snowmobilers by ordinary negligence on the landowner's part.

For the foregoing reasons, the judgment of the circuit court granting dismissal of plaintiff's cause of action against the Forest Preserve District of Will County is hereby reversed and this cause is remanded for further proceedings.

Reversed and remanded.

SCOTT and HEIPLE, JJ., concur.

---

to promote the uniformity of laws relating to snowmobiling. As indicated earlier, however, the circuit court determined that this act does not apply to the forest preserve district defendant. Neither party has requested that we review that ruling and we express no views thereon.