ARLENE GLINKA, Plaintiff-Appellant, v. THE FLAME OF COUNTRY-SIDE, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 87—3048

Opinion filed May 23, 1988.

Carr & O'Rourke Associates, of Chicago (Donald A. Carr and Robert R. Dlugajczyk, of counsel), for appellant.

O'Connor & Schiff, of Chicago (Elliot R. Schiff and Loretta M. Griffin, of counsel), for appellees.

JUSTICE QUINLAN delivered the opinion of the court:

The plaintiff, Arlene Glinka, filed a complaint against the defendants, The Flame of Countryside (the Flame), Ford City Bank, Peter G. Makris and Gloria Makris, alleging a loss of support for the fatal injuries that her husband, Arthur Glinka, suffered on November 5, 1985, when, following the consumption of alcoholic beverages in the Flame owned by the defendants, the car he was driving collided with another vehicle. Plaintiff's complaint alleged a breach of the Liquor Control Act of 1934, as amended (the Act) (Ill. Rev. Stat. 1985, ch. 43, par. 135), and sought recovery in excess of $20,000 for her loss of support. The defendants filed an appearance and moved the court to dismiss the suit with prejudice pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)). The court granted the defendants' motion on September 16, 1987, and, thereafter, the plaintiff filed a notice of appeal to this court challenging the constitutionality of the Liquor Control Act of 1934, as amended.

In her appeal, the plaintiff concedes both the applicability of the Liquor Control Act amendment of 1985 to her case and the technical appropriateness of granting a section 2—619 dismissal inasmuch as the amended Act bars her cause of action. However, the plaintiff, Glinka, challenges the constitutionality of the 1985 amendment to the Liquor Control Act, claiming that it is an arbitrary classification which bars causes of action for loss of support by the relatives of intoxicated persons against the dramshop. Such classification, she argues, is against the original intent of the Liquor Control Act of 1934, which was, plaintiff claims, to apportion responsibility for injuries to others caused by the consumption of alcoholic beverages served by dramshops.

The Liquor Control Act of 1934, as amended by Public Act 84—271, provides in relevant part:

"Every person who is injured in person or property by any intoxicated person, has a right of action in his or her own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication of such person. *** An

action shall lie for injuries to means of support caused by an intoxicated person or in consequence of the intoxication of any person resulting as hereinabove set out. The action, if the person from whom support was furnished is living, shall be brought by any person injured in means of support in his or her name for his or her benefit and the benefit of all other persons injured in means of support. ***
***

Nothing in this Act shall be construed to confer a cause of action for injuries to the person or property of the intoxicated person himself, nor shall anything in this Act be construed to confer a cause of action for loss of means of support on the intoxicated person himself or on any person claiming to be supported by such intoxicated person." Ill. Rev. Stat. 1985, ch. 43, par. 135.

The plaintiff argues that the amendment is unconstitutional because it creates an arbitrary and discriminatory classification, which denies plaintiff equal protection of the laws under the Illinois Constitution (Ill. Const. 1970, art. 1, §2) and is without a rational relationship to the original intent of the legislature. Glinka argues that she discharged her burden of showing the unconstitutionality of the statute when she provided the trial court with the amendment's legislative history and the trial court agreed, based on this evidence, that the "classification accomplishes no legitimate purpose or at least not the stated purpose under the original intent of the Act." Plaintiff asserts that the trial court improperly sustained the constitutionality of the statute after finding the challenged classification was without a rational basis.

The issue before this court is whether Public Act 84—271 is unconstitutional in its classification of the families of intoxicated persons as persons not entitled to recover under the Liquor Control Act of 1934 for loss of means of support.

■ It is undisputed that loss of support to the family of the intoxicated person in consequence of his intoxication was a recognized cause of action in Illinois prior to the effective date of Public Act 84—271. (Ill. Rev. Stat. 1983, ch. 43, par. 135; *Bejnarowicz v. Bakos* (1947), 332 Ill. App. 151, 74 N.E.2d 614.) The parties also agree that the challenged amendment bars recovery only to the class of persons claiming a loss of support because of the death or injury of the intoxicated person. However, it is also undisputed that there is no common law right to recover for loss of support caused by the death or injury of an intoxicated person. See *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, 442, 484 N.E.2d 1088, 1092; *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 30,

174 N.E.2d 153, 156.

The Liquor Control Act of 1934 created a wholly statutory liability that is imposed solely as a condition of doing dramshop business in this State. (See *Cruz v. Puerto Rican Society* (1987), 154 Ill. App. 3d 72, 77, 506 N.E.2d 667, 670.) In *Cruz v. Puerto Rican Society*, the appellate court found that the *sui generis* nature of dramshop liability would permit the legislature to abrogate the available remedies provided under the Act through subsequent legislation because there can be no vested rights in a purely statutory remedy. (*Cruz*, 154 Ill. App. 3d at 76, 506 N.E.2d at 669; see also *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513.) The *Cruz* court held that the plaintiff wife of the deceased intoxicated person had "a mere expectation [of recovery] based upon an anticipated continuance of the existing law" and the court there held that a prospective cause of action could be terminated by legislative amendment. (*Cruz*, 154 Ill. App. 3d at 76, 506 N.E.2d at 669-70.) However, in *Cruz*, unlike here, the injury occurred before the effective date of the amendment and for that reason the plaintiff's cause was reinstated by the court.

■ In the absence of a fundamental right or suspect classification, the legislature may differentiate between persons similarly situated if there is a reasonable basis for doing so. (*Jenkins v. Wu* (1984), 102 Ill. 2d 468, 478, 468 N.E.2d 1162, 1166-67.) In reviewing the challenged amendment, this court must resolve all doubts in favor of validity and uphold the legislative classification "if any reasonable state of facts may be conceived to justify it." (*People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.* (1986), 114 Ill. 2d 252, 262, 500 N.E.2d 34, 38.) The applicable standard for review presumes that the legislature acted conscientiously and a court should not interfere with the legislature's judgment unless the classification is "clearly unreasonable and palpably arbitrary." *Delany v. Badame* (1971), 49 Ill. 2d 168, 171, 274 N.E.2d 353, 354.

Furthermore, as this court stated in *Heckmann v. Cemeteries Association* (1984), 127 Ill. App. 3d 451, 457, 468 N.E.2d 1354, 1359: "[A] statute classifying persons does not violate the special legislation proscription if there is a reasonable basis for the classification and if the legislation bears a reasonable and proper relation to the purpose of the act and the evil sought to be remedied. [Citation.] A law need not affect every person or place in the State alike, but it must operate uniformly on all persons in like circumstances. [Citations.]" See *Vance v. Bradley* (1978), 440 U.S. 93, 111, 59 L. Ed. 2d 171, 184-85, 99 S. Ct. 939, 949-50 (litigants may not procure invalidation of the legislation merely by tendering evidence in court that the legislature was mistaken where

there was evidence before the legislature reasonably supporting the classification).

■ Although this court is not bound by the trial court's findings and may sustain the court's judgment on any appropriate basis (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12), it is apparent, from our review of the amendment and its legislative history, that even though the trial court here reached the correct result in upholding the legislation, it made a mistake regarding the legislative purpose of the amendment. The trial court below found that the intent of the amendment "is to eliminate a cause of action to those who contributed to the intoxication of the AIP [allegedly intoxicated person]." However, in the legislative history of Public Act 84–271, the sponsor of the bill, Representative Countryman, clearly stated that the amendment barring causes of action by family members of the intoxicated person was a compromise measure to keep the dramshop insurance premiums from rising, despite the legislature's decision to increase the amount of money recoverable by the victims, who are unrelated to the intoxicated person by blood or marriage.

The trial court relied on the following statement by Representative Countryman during the debates on May 23, 1985, to find the legislative purpose:

"So, I believe it's a good Bill. It will help innocent people who are the victims of intoxicated persons, and by the same token it will eliminate a cause of action for those who contributed to the intoxication." (84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 165.)

The defendants, however, point to the following clarification of the Act's purpose, as stated by Representative Countryman later in the debate:

"And the point is that a lot of these nuisance cases that are brought as a result of bar fights and other things that cost the carriers a great deal to defend, and a great deal of involvement, and sometimes rewards *** [sic] awards against them are being eliminated as well as a *** [sic] a particular important point is [that for] *the people who are killed [,] particularly in one car accidents[,] their relatives by blood or marriage will not have a cause of action for loss of means of support. And that loss of means of support action has been the one that *** [sic] that generally [comprises] derives [sic] the largest number of causes of action.*" (Emphasis added.) (84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 166.)

Representative Regan then asked Representative Countryman whether

the following hypothetical event would still be covered under the Act:

"So, that means that [if] a person *** goes to a tavern, and he gets drunk, he's given too much alcohol [sic] goes out and runs into the side of [sic] train, his family has no recourse on [sic] the Dram Act." (84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 168.)

To which Representative Countryman responded:

"That's correct, well, he [sic] [the family] does have recourse under the personal injury and property damage [provisions]. And there are instances where the funeral bill for instance is a family expense [sic], there may be some potential in that instance. *But for loss of means of support, there is no cause of action.*" (Emphasis added.) 84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 168.

Regardless of the factual evidence tendered at trial, an equal protection claim, such as this, that alleges a discriminatory classification, is for the court to determine as a matter of law. (*Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.) Here, the challenged amendment is rationally related to the legitimate legislative purpose of increasing recovery for one class and denying it for another. Further, as defendants point out in their brief, persons who claim to be supported by the intoxicated person have a derivative claim. (See *Stellar v. Miles* (1958), 17 Ill. App. 2d 435, 445, 150 N.E.2d 630, 635 ("right to recover is vested solely in the person injured, or, if he be deceased, in his personal representative").) Since there is no common law cause of action against dramshops, the legislature has always denied recovery for the intoxicated person himself, and it is not arbitrary for the legislature to likewise withdraw recovery for those claiming through them, regardless of the innocence of the family member in causing the relative's intoxication. Mrs. Glinka's claim, if allowed, would thwart the legislative purpose of providing greater recovery for innocent third parties and keeping dramshops in business by not increasing their premiums.

For all these reasons, we find that the challenged legislation bore a rational relationship to the legitimate governmental interest and, accordingly, affirm the trial court order which granted the defendants' motion to dismiss for failure to state a cause of action.

Judgment affirmed.

CAMPBELL, P.J., and O'CONNOR, J., concur.