VERNON LESSNER, Plaintiff-Appellant, *v.* FRANK HURTT *et al.*, Defendants-Appellees.

Second District   No. 75-89

Opinion filed December 14, 1977.

Anthony F. Mannina, of Marco & Mannina, of Downers Grove, for appellant.

James S. Mills and Gates W. Clancy, of Geneva, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order granting the motion for summary judgment of the defendant Ramada Inn of Aurora. On April 5, 1973, plaintiff Lessner was injured in a fight with defendant Hurtt in Ramada's cocktail lounge. Plaintiff's complaint was filed on April 26, 1974. The trial court dismissed the complaint because the statute of limitations on dramshop actions had run, but allowed plaintiff to amend the complaint, which he did. The amended complaint alleged that Ramada was negligent in that it, through its employees, knew that Hurtt was intoxicated, knew that he threatened plaintiff with physical harm, did not remove Hurtt when plaintiff was endangered, and refused to aid plaintiff by calling the police or a security guard when the threat of physical harm became imminent. Ramada admitted these allegations in its answer to the amended complaint; it also made a motion for summary judgment, contending that plaintiff's exclusive remedy is through the Dramshop Act, which remedy was unavailable due to the running of the statute of limitations. In discovery depositions filed in support of the motion for summary judgment, both plaintiff and Hurtt admit purchasing alcoholic liquor from Ramada, and each states that the other was intoxicated. The court granted the motion for summary judgment and plaintiff appeals.

■■ We are familiar with the language of the supreme court that the Dramshop Act is the only remedy against tavern owners and operators for injuries caused by an intoxicated person or in consequence of intoxication. (*Graham v. General U.S. Grant Post No. 2665, V.F.W.* (1969), 43 Ill. 2d 1, 248 N.E.2d 657; *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153.) However, we believe the situation in the cause before us may be distinguished from these cases. In *Graham*, the count of the complaint which alleged the common law negligence of defendants was predicated on the *sale* or *giving* of liquor to an intoxicated person. In *Cunningham*, the common law action was again based on the *sale* or *supplying* of liquor to an intoxicated person. As indicated, the supreme court concluded that the Dramshop Act was the exclusive remedy in these situations. We believe, however, that the broad language of the supreme court must be limited by the facts of the cases it decided, with the result that there is no action in common law negligence where the owner or operator of a dram shop is charged with negligence in providing liquor which causes or contributes to the intoxication of a person who later injures another.

■■■ In the cause before us, plaintiff's amended complaint made no reference or allegation regarding whether defendant Hurtt purchased liquor at Ramada or became intoxicated by reason thereof. The complaint does not charge negligence by reason of the sale or supply of liquor, but rather is grounded on Ramada's failure to prevent injury to plaintiff by a boisterous and dangerous customer on the defendant's premises. It is our view that regardless of whether a person obtains, purchases, or consumes liquor at a dram shop, the owner or operator of such a business may be negligent and consequently be liable by failing to protect its patrons from physical harm by a person on the premises. The basis of this reasoning is the duty of a tavernkeeper to see that his guests are free from annoyance or injury (*Lipscomb v. Coppage* (1963), 44 Ill. App. 2d 430, 195 N.E.2d 222; *Smith v. 601 Liquors, Inc.* (1968), 101 Ill. App. 2d 306, 243 N.E.2d 367) much as any possessor of land must act as a reasonable man in avoiding harm to invitees from negligence or even intentional attacks of third persons (Prosser, Torts §61, 385, 395 (4th ed. 1971).) Therefore, we hold that it was error for the trial court to grant summary judgment for the defendant, and we will remand the cause for further proceedings.

Perhaps anticipating the possibility of our making the present ruling, and realizing the danger it poses to its position under the present state of the pleadings, Ramada has filed before this court a motion to amend its pleadings so as to deny the acts of negligence which it earlier admitted by its answer to the amended complaint. We note also, as Ramada points out in its brief, that plaintiff has failed to plead that the allegedly negligent acts were the proximate cause of his injury. We deny the motion to amend the pleadings in this court and do not rule on the absence of an allegation of proximate cause, but on remand we direct that the trial court take such action as it deems proper regarding further amendment of the pleadings by any party.

The order granting summary judgment is accordingly reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

NASH and BOYLE, JJ., concur.