DOROTHY HARRIS, Special Adm'r of the Estate of Royce Wayne Harris, Plaintiff-Appellant, v. GOWER, INC., d/b/a The Barbary Coast Tavern, *et al.*, Defendants-Appellees.

Fifth District   No. 5—86—0019

Opinion filed March 19, 1987.

1036

KARNS, P.J., dissenting.

Paul Thomas Austin, of Marion, for appellant.

Richard A. Green and Michael F. Dahlen, both of Feirich, Schoen, Mager, Green, of Carbondale, for appellees Gower, Inc. and Joann Gower.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, Dorothy Harris, on her own behalf and as special administrator of the estate of her deceased husband, Royce Wayne Harris, appeals from a judgment of the circuit court of Williamson County granting defendants' motion for judgment on the pleadings. We reverse and remand.

Plaintiff's amended complaint is based upon common law negligence and is brought against Gower, Inc., a corporation d/b/a the Barbary Coast Tavern, and Joann Gower, Terry Watson, and Eloise May McAnelly as agents and employees of the defendant tavern. Plaintiff's complaint alleges that on December 16, 1981, decedent was a customer at the Barbary Coast Tavern. Decedent consumed liquor and became intoxicated and unconscious. While intoxicated and unconscious, decedent was removed from the tavern by Gower, Watson, and McAnelly and placed into a car in the tavern's parking lot. Plaintiff's

complaint further alleged that defendants knew or should have known that their conduct was likely to cause injury or death and that as a result of defendants' negligent conduct, decedent froze to death. Defendants Gower, Inc., and Joann Gower filed a motion for judgment on the pleadings on the ground that the Dramshop Act is the exclusive remedy against owners and operators of taverns for injuries to person, property, or means of support by an intoxicated person or in consequence of intoxication. (Ill. Rev. Stat. 1983, ch. 43, par. 135.) The trial court granted defendants' motion.

■ On appeal, plaintiff contends that the Dramshop Act is not the only remedy available to her because her complaint is based upon defendants' negligent conduct toward decedent after he became intoxicated and unconscious rather than upon defendants' negligence in supplying decedent with liquor. It is well established that the Dramshop Act is the exclusive remedy against tavern owners and operators for injuries caused by an intoxicated person or in consequence of intoxication. Consequently, there is no common law liability for the negligent sale or supply of liquor. *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, 484 N.E.2d 1088.

Plaintiff relies upon *Lessner v. Hurtt* (1977), 55 Ill. App. 3d 195, 371 N.E.2d 125, for its argument. In *Lessner*, plaintiff was injured in a fight with defendant Hurtt in defendant Ramada Inn's cocktail lounge. (55 Ill. App. 3d 195, 196, 371 N.E.2d 125.) Plaintiff's amended complaint alleged that "Ramada was negligent in that it, through its employees, knew that Hurtt was intoxicated, knew that he threatened plaintiff with physical harm, did not remove Hurtt when plaintiff was endangered, and refused to aid plaintiff *** when the threat of physical harm became imminent." (55 Ill. App. 3d 195, 196, 317 N.E.2d 125.) The trial court granted Ramada's motion for summary judgment on the basis that the Dramshop Act was the exclusive remedy available to plaintiff. (55 Ill. App. 3d 195, 196, 371 N.E.2d 125, 126.) In reversing the trial court's judgment, this court stated that plaintiff's "complaint does not charge negligence by reason of the sale or supply of liquor, but rather is grounded on Ramada's failure to prevent injury to plaintiff by a boisterous and dangerous customer on the defendant's premises." (55 Ill. App. 3d 195, 197, 371 N.E.2d 125, 126.) The court reasoned that "regardless of whether a person obtains *** liquor at a dram shop, the owner or operator of such a business may be negligent and consequently be liable by failing to protect its patrons from physical harm by a person on the premises." (55 Ill. App. 3d 195, 197, 371 N.E.2d 125, 126.) The court held that the duty of a tavern owner or operator is to see that his guests are free from

annoyance or injury much as any possessor of land must act reasonably in avoiding harm to invitees from the negligence of third persons. (55 Ill. App. 3d 195, 197, 371 N.E.2d 125, 126.) Thus, the Dramshop Act is not the exclusive remedy.

■ Although plaintiff's complaint in this case alleged that decedent purchased intoxicating liquor from plaintiff, unlike plaintiff's complaint in *Lessner*, it does not diminish plaintiff's cause of action. The allegation in this complaint regarding the sale of intoxicating liquor to decedent is significant only in reference to how decedent became unconscious. It also established that decedent did not place himself in peril, but rather it was defendants who placed decedent in peril.

■■ Furthermore, when a party brings a cause of action, allegations of fact are necessary for a proper complaint. (*Mlade v. Finley* (1983), 112 Ill. App. 3d 914, 918, 445 N.E.2d 1240, 1243-44.) The trial court must liberally construe these pleadings in order to achieve justice between the litigants (112 Ill. App. 3d 914, 918, 445 N.E.2d 1240, 1244) and look to the resolution of litigation on the merits and the avoidance of elevating questions of form over questions of substance (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 278, 489 N.E.2d 1342, 1348).

In this case, the trial court elevated form over substance. Plaintiff properly alleged all pertinent facts which resulted in decedent's death.

■ Although plaintiff alleged in the complaint that defendants sold and supplied intoxicating liquor to the decedent causing decedent to become unconscious, it is not the act that allegedly resulted in decedent's death. Whether or not decedent had been drunk, his drunkenness did not lessen the tavern owner's duty to protect his patrons from other customers, his employees, or the owner himself. Plaintiff properly predicated her complaint on the fact that defendants' placing of the unconscious decedent in his truck on a very cold winter night is the act which allegedly led to plaintiff's husband's death.

It is unlike the case where a minor suffered injuries when he became unconscious in a bank of snow after purchasing alcoholic liquors. (*Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 440 N.E.2d 279.) Plaintiff, in this case, did not allege decedent was harmed because he became unconscious inside the tavern after consuming alcoholic liquors. Rather, plaintiff alleged that tavern owners harmed decedent by placing decedent in peril. Thus, this court finds that the complaint did state a proper cause of action for common law negligence based upon the negligent acts against decedent and not their negligence in the sale of intoxicating liquor.

For the foregoing reasons, the judgment of the circuit court of

Williamson County is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

KASSERMAN, J., concurs.

PRESIDING JUSTICE KARNS, dissenting:

I disagree with the majority's conclusion that plaintiff's complaint states a cause of action for common law negligence. Plaintiff's complaint alleges that "plaintiff's decedent was a customer and patron of defendants' establishment," that "plaintiff's decedent consumed drinks and became intoxicated and unconscious," and that "while intoxicated and unconscious" decedent was removed from the tavern by defendants' agents and employees. In so pleading, plaintiff went beyond alleging a breach of duty stemming from defendants' status as a possessor of land. In *Lessner v. Hurtt* (1977), 55 Ill. App. 3d 195, 197, 371 N.E.2d 125, 126, the court examined the pleadings and emphasized that "plaintiff's amended complaint made no reference or allegation regarding whether defendant Hurtt purchased liquor at Ramada or became intoxicated by reason thereof." In concluding that *Lessner* is distinguishable on this basis, I do not believe that form has been elevated over substance. See *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 278, 489 N.E.2d 1342, 1348.

Examination of the pleadings leads to the inescapable conclusion that plaintiff's action is predicated on the sale or supply of liquor. It is well established that the Dramshop Act (Ill. Rev. Stat. 1983, ch. 43, par. 135) is the exclusive remedy against tavern owners and operators for injuries caused by an intoxicated person or in consequence of the intoxication of any person (*Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, 484 N.E.2d 1088), and it was undisputed at oral argument that plaintiff had indeed recovered a settlement pursuant to the Dramshop Act. The supreme court has taken an expansive view of the Dramshop Act and has failed to recognize common law liability for the negligent sale or supply of liquor, concluding that the Act is plaintiff's exclusive remedy where the sale or supply of liquor leads to injury. (See *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, 442, 484 N.E.2d 1088, 1092; *Cunningham v. Brown* (1961), 22 Ill. 2d 73, 77, 174 N.E.2d 157, 160.) The trial court correctly granted defendants' motion for judgment on the pleadings. *Cardinal Glass Co. v. Board of Education* (1983), 113 Ill. App. 3d 442, 444, 447 N.E.2d 546, 547.