FRANCES ERNE, Plaintiff-Appellant, v. MARGARET PEACE *et al.*, Defendants-Appellees.

Second District   No. 2—87—0421

Opinion filed December 31, 1987.

Joseph A. Terc, of Chicago, for appellant.

Nathan G. Brenner, Bruce Farrel Dorn, and Joel S. Massel, all of Brenner, Mavrias, Dorn & Alm, of Chicago, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Frances Erne, appeals from the judgment of the circuit court which dismissed her amended complaint sounding in negligence against the defendants, Margaret and Charles Peace, for failure to state a cause of action. On appeal, the plaintiff contends that the trial court improperly dismissed the complaint as it adequately set forth a cause of action for negligence under section 2 of the Premises Liability Act (Ill. Rev. Stat. 1985, ch. 80, par. 302).

In her initial one-count complaint, plaintiff sought recovery for injuries sustained when she fell while on the defendants' premises. It alleged that plaintiff was lawfully on the defendants' premises, that she

was visually-impaired, and that the defendants knew of her handicap. The complaint further alleged that when plaintiff exited the premises, with the defendants' knowledge, the defendants failed to warn her of the fact that there was a step/stoop where she was about to descend and that the negligent acts which proximately caused her injuries included a failure to: (1) warn her of the step/stoop; (2) escort or assist her on her exit; and (3) provide adequate handrails.

The defendants moved to dismiss that complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par 2—615) on the ground that, as a matter of law, the defendants owed no statutory or common law duty to the plaintiff. The trial court dismissed the complaint and plaintiff subsequently filed a four-count amended complaint.

Count I of the amended complaint realleged the facts contained in the original complaint. Count II described plaintiff's visual problem with greater specificity and also alleged that a condition of the premises, namely, the change in elevation which required anyone exiting the front door to step down to a concrete step/stoop of approximately 12 inches width by 18 inches in length and then to further step off of the step/stoop onto a concrete porch, created an unreasonable risk of harm. Count II further alleged that the defendants knew or should have known that the plaintiff would not discover this danger and that, despite their knowledge of the plaintiff's visual problem, the defendants failed to warn plaintiff. In count III, the amended complaint realleged the negligent acts stated in count I, a failure to warn the plaintiff of the change in elevation and that the defendants should have anticipated the harm to the plaintiff despite the obviousness of the condition of the premises. Count IV alleged the negligent acts stated in count II with additional allegations which described the known defective condition of the concrete steps/stoop in that it failed to "extend the entire width or swing of the edge of the door." Defendants' motion to dismiss plaintiff's amended complaint was also granted by the trial court, and she appeals.

Plaintiff contends that under section 2 of the Illinois Premises Liability Act, the Restatement (Second) of Torts, and applicable case law, her amended complaint states a cause of action in negligence. Defendants respond that the complaint fails to allege facts necessary to establish any common law or statutory duty which an owner has to protect an invitee from injury, absent allegations of an inherently dangerous, defective, or unique condition of the premises. Defendants also assert that the plaintiff's visual impairment does not change an otherwise ordinary condition into an inherently dangerous condition

such that the law should impose a duty.

In order to state a cause of action for negligence, a complaint must allege facts establishing the existence of a duty, a breach of that duty, and an injury which proximately resulted from the breach. (*Williams v. McCoy* (1987), 152 Ill. App. 3d 912, 913, 505 N.E.2d 46; *Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 187, 478 N.E.2d 603.) The plaintiff must state facts from which the law will raise a duty, and it is not sufficient that the complaint merely allege that a duty exists. (133 Ill. App. 3d at 187; *Bescor, Inc. v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 65, 68, 446 N.E.2d 1209.) Whether a legal duty exists is a question of law which is determined by the court. *Duncavage v. Allen* (1986), 147 Ill. App. 3d 88, 96, 497 N.E.2d 433.

The presence of a legal duty involves considerations of legal and social policies (*Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 192, 478 N.E.2d 603) which include the foreseeability and likelihood of the injury, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden upon the defendant. (*Zimmermann v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 1055, 462 N.E.2d 502; *Morgan v. Dalton Management Co.* (1983), 117 Ill. App. 3d 815, 818, 454 N.E.2d 57.) Only when it is apparent that no set of facts can be proved under the pleadings which would entitle the plaintiff to recover can a complaint be dismissed. (*Panorama of Homes, Inc. v. Catholic Foreign Mission Society, Inc.* (1980), 84 Ill. App. 3d 142, 145, 404 N.E.2d 1104.) In order to withstand a motion to dismiss, the complaint need not set forth evidence which may be gleaned from discovery subsequent to the filing of the pleadings (*Wolinsky v. Kadison* (1983), 114 Ill. App. 3d 527, 536, 449 N.E.2d 151), and no pleading is bad in substance which includes such information as reasonably apprises the opposing party of the nature of the claim or defense which she is called upon to meet (Ill. Rev. Stat. 1985, ch. 110, par. 2—612(b)).

We note initially that the Premises Liability Act (Ill. Rev. Stat. 1985, ch. 80, par. 302) abolished the distinction between invitees and licensees with regard to the duty owed by a property owner to entrants. This section provides that "[t]he duty owed to such entrants is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." Ill. Rev. Stat. 1985, ch. 80, par. 302.

Plaintiff contends that the facts of the case, considered in light of the duty owed an invitee as set forth in the Restatement (Second) of Torts §§343, 343 A (1965), establish that her amended complaint

raises a duty to her owed by the defendants. In *Shaffer v. Mays* (1986), 140 Ill. App. 3d 779, 489 N.E.2d 35, the court discussed the applicability of sections 343 and 343 A of the Restatement (Second) of Torts and noted that in *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465, our supreme court had indicated that sections 343 and 343 A were law in Illinois. (*Shaffer*, 140 Ill. App. 3d at 781, 489 N.E.2d at 36.) Section 343 provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." (Restatement (Second) of Torts §343 (1965).)

Section 343 A limits the liability of section 343 and states:

"Known or Obvious Dangers

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated." Restatement (Second) of Torts §343 A (1965).

Comment *f* of the Reporter's notes to section 343 A points out that a possessor of land may be under a duty of care to an invitee who knows of danger on the possessor's premises if the possessor "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." (Restatement (Second) of Torts §343 A, comment *f*, at 220-21 (1965).) The following example illustrates the operation of section 343 A:

"(3) The A Drug Store has a soda fountain on a platform raised six inches above the floor. The condition is visible and quite obvious. B, a customer, discovers the condition when she ascends the platform and sits down on a stool to buy some ice

cream. When she has finished, she forgets the condition, misses her step, falls, and is injured. If it is found that this could reasonably be anticipated by A, A is subject to liability to B." Restatement (Second) of Torts §343 A, comment *f*, illustration 3, at 221 (1965).

■ Plaintiff's amended complaint alleged that she was legally blind and was incapable of seeing the area in front of her. It also alleged that the defendants were aware of her visual impairment and that they knew she was exiting through the front door. In our view, the defendants had reason to expect that, despite the obviousness of the condition and the fact that the plaintiff had encountered the step/stoop when she entered the premises, she would likely fail to protect herself against it. Thus, the defendants were under a duty to use reasonable care to protect the plaintiff from the dangers of the step/stoop during her exit. The complaint also alleged that the defendants should have anticipated that harm could come to the visually-impaired plaintiff, despite any knowledge of the openness of the condition or its obviousness. It would appear that a property owner could anticipate that an 85-year-old, visually-impaired person could miss her step, fall and sustain injury. The facts alleged in this case present a similar scenario for a property owner's liability as in the third illustration in the Restatement (Second) of Torts. Indeed, comment *k* to the Reporter's notes to section 342 states:

"There will, however, be special situations in which the possessor has knowledge of facts from which he should realize that an ordinary warning will not be sufficient to notify the licensee of the danger, or to enable him to protect himself against it. Thus where the possessor knows that the licensee is blind, * * * it is not enough to rely upon a posted notice to give warning of the danger, and the possessor may still be required to exercise reasonable care to give adequate warning in some other way. In extreme cases, as in the case of the blind man, he may even be required to give physical assistance to enable the licensee to avoid the danger." Restatement (Second) of Torts §342, comment *k*, at 215 (1965).

In this case the plaintiff alleged that she is visually-impaired, that defendants knew of the condition, yet they did not warn or assist her with regard to the change of elevation during her exit from the building. As duty is a question of law (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 468, 343 N.E.2d 465), we conclude under the Restatement (Second) of Torts, that if an invitee is likely to fail to protect herself from harm, the defendant is aware of this fact, and

the defendant's burden to warn or protect is minimal, a duty exists as a matter of law. (See *Shaffer v. Mays* (1986), 140 Ill. App. 3d 779, 783, 489 N.E.2d 35.) In counts I, II and III of the amended complaint plaintiff has alleged facts under which a duty exists, and it is a jury question whether the defendant property owners exercised the care required in these circumstances.

In count IV of the amended complaint, plaintiff alleged that there was a defective condition of the premises in that the step/stoop outside of the front door was, in effect, a landing where the edge of the door swung past the edge of the step/stoop. In *Allgauer v. Le Bastille, Inc.* (1981), 101 Ill. App. 3d 978, 428 N.E.2d 1146, similar allegations were considered sufficient to avoid the defendant's motion for summary judgment. There, the plaintiff brought an action for injuries sustained when she fell down a stairway upon leaving the defendant's upper story restaurant. The reviewing court held that it was a jury question as to whether the absence of a landing or the steepness of the stairs rendered them hazardous. The court noted that the door hid the danger until the plaintiff opened it, and the fact that the stair could be seen for the split second the plaintiff placed her foot on it did not necessarily remove it from the realm of hidden dangers. It is elementary that a property owner has a duty to give proper warnings of dangers which are hidden. (*Allgauer*, 101 Ill. App. 3d at 981, 428 N.E.2d at 1148.) In *Allgauer* the plaintiff argued that the drop-off of which she was unaware caused her to fall. In the present case the plaintiff alleged that the step/stoop was defective in certain respects, the plaintiff could not see these defects, and the defendant knew of this fact. As in *Allgauer*, the law can impose a duty because of the inability of the plaintiff to see where she was stepping and fall unexpectedly, due to the condition of the premises. It is, thus, a jury question whether the construction of the stairs could render them hazardous without a warning to a person with the plaintiff's visual impairment.

Accordingly, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

DUNN and REINHARD, JJ., concur.