MARILYN FAYE FLORY, Indiv. and as Special Adm'r of the Estate of Keith J. Flory, Deceased, Plaintiff, v. ROBERT A. WEAVER *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Rose M. Gonyo, Independent Adm'r of the Estate of Robert R. Gonyo, Deceased, Third-Party Defendant; Jack Ledwon, Third-Party Defendant-Appellee).

Fourth District   No. 4—89—0811

Opinion filed April 5, 1990.

Gregory G. Lietz, of Hutton, Laury, Hesser, Lietz & Wilcox, of Danville, for appellants.

Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, James C. Kearns, and John D. Floodstrom, of counsel), for appellee.

JUSTICE LUND delivered the opinion of the court:

Should this court overturn the decisions of our supreme court and those of the appellate courts of this State, and thereby adopt a common law cause of action where a noncommercial host can be held liable in negligence for providing alcohol to minors who, by reason of intoxication, cause injury to others? This appeal arises from the dismissal of a third-party complaint, based in part upon such a theory.

Because of the importance of this issue, we find it necessary to relate the tragic facts, which are set forth in the pleadings. Keith Flory and Robert Gonyo, after their graduation ceremonies from high school, joined other class members for a party given by third-party defendant Jackie Ledwon, a parent of another classmate. Alcoholic beverages were provided. Contrary to party rules, the two boys left the party in the early morning hours and went to the home of another friend, Brad Weaver. Gonyo was handling an AR-15 rifle in such a way that he shot and killed Flory. He then used the weapon to kill himself.

This action was initially brought on behalf of Flory's estate, against Brad Weaver and his parents. They, as third-party plaintiffs, filed third-party complaints against the estate of Gonyo and against Jackie Ledwon. This appeal is limited to the question of whether the trial court was correct in dismissing counts II through V of the third-party action against Ledwon.

The third-party complaint, naming Ledwon as third-party defendant, basically stated that Ledwon had an after-graduation party, furnished alcoholic beverages to minors, knew or should have known that Gonyo had a history of alcoholic consumption to excess, and had set up party regulations requiring all those who attended to stay at her residence until the effects of alcohol were dissipated. The acts of negligence alleged were that Ledwon (1) permitted Robert Gonyo to consume alcohol to excess so as to become intoxicated; (2) allowed Keith Flory to leave her house at 2 a.m. with Robert Gonyo, who was intoxicated, in violation of her regulation, and travel to the residence of third-party plaintiffs; and (3) allowed Robert Gonyo to leave her house at 2 a.m., while intoxicated, with Keith Flory, in violation of her regulation, and travel to the residence of third-party plaintiffs.

Counsel for the Weavers cite various statutory and common law authorities from other jurisdictions, allowing causes of action against noncommercial hosts. Various treatises are referred to as justification for the position argued.

While recognizing a common law cause of action which involved the requirement of excessive consumption of alcohol in fraternity initi-

ations and hazings, in *Quinn v. Sigma Rho Chapter of Beta Theta Pi Fraternity* (1987), 155 Ill. App. 3d 231, 507 N.E.2d 1193, this court did recognize that the Liquor Control Act of 1934 (Ill. Rev. Stat. 1987, ch. 43, pars. 94 through 195) has preempted the field of liability relating to alcohol. See *Quinn*, 155 Ill. App. 3d at 235, 507 N.E.2d at 1196.

■ This court recently discussed the issue of a common law liability, relating to the furnishing of alcohol to minors, in *Puckett v. Mr. Lucky's Ltd.* (1988), 175 Ill. App. 3d 355, 529 N.E.2d 1169. Our opinion stated:

"We recognize that there may well be validity to the position of the plaintiff. It may be that statistics justify making all those who furnish alcoholic beverages to minors financially responsible for the injuries resulting from the alcohol use. However, we feel bound by the decisions of our supreme court which have long limited liability relating to furnishing alcohol to the coverage of the Illinois Dramshop Act. *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 28-29, 174 N.E.2d 153, 157; see also *Hopkins v. Powers* (1986), 113 Ill. 2d 206, 497 N.E.2d 757; *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435, 484 N.E.2d 1088; *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 440 N.E.2d 112; *Graham v. General U.S. Grant Post No. 2665* (1969), 43 Ill. 2d 1, 248 N.E.2d 657; *Ruth v. Benvenutti* (1983), 114 Ill. App. 3d 404, 449 N.E.2d 209; *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 440 N.E.2d 279.

In *Miller v. Moran* (1981), 96 Ill. App. 3d 596, 598, 421 N.E.2d 1046, 1049, our court refused to create a common law cause of action against a social host who wilfully and wantonly served liquor to a guest, holding the Dramshop Act was the exclusive source of liability.

We are requested to change the law, but we find that such a decision is best left to the supreme court or the legislature. A supreme court decision would be binding upon all of the State, not just the 30 counties of the Fourth Judicial District. Needless to say, the possible conflicts among the appellate districts on this particular subject could lead to a certain amount of economic and social havoc. The decision of the circuit court of Macon County is affirmed." *Puckett*, 175 Ill. App. 3d at 357-58, 529 N.E.2d at 1170.

The third-party complainants also contend that *Quinn* is authority for finding a common law cause of action. They also contend that Ledwon, by providing the party and providing a rule prohibiting leav-

ing her residence area, gratuitously undertook responsibility for keeping those consuming alcohol at the residence, thus becoming liable for negligent performance of a duty to enforce the rule. They cite as authority for this last proposition *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 199 N.E.2d 769.

The facts in *Quinn* are not similar to the facts alleged in the present cause. We do not find justification based upon *Quinn* for carving out a new common law cause of action which would sustain the third-party complainants' position in this case.

■■ In *Nelson*, an insurance company gratuitously undertook a duty of inspecting a construction site relative to safety procedures. The basic rule is:

> "[P]laintiffs, to support their actions, had only to show (1) that defendant undertook to make safety inspections and to render safety engineering services under circumstances which created a duty on defendant, owed to plaintiffs, to perform its undertakings with due care, and (2) that the gratuitous undertakings were negligently performed, such negligence resulting proximately in plaintiffs' deaths and injuries." (*Nelson*, 31 Ill. 2d at 75, 199 N.E.2d at 774.)

The present allegation, unlike *Nelson*, did not include any type of business relationship. Those at the party were not required to attend. We know of no legal authority vested in a host such as Ledwon which would have allowed her to restrain the guests. The allegations establish Ledwon was a noncommercial social host and, as such, regardless of the good intentions indicated by the no-leaving rule, she does not come within the scope of the rule providing liability can arise from the negligent performance of a voluntary undertaking. The count relating to this issue is an attempt to circumvent the decisions holding noncommercial hosts are not liable for furnishing alcohol to their guests.

■■ The dissent in *Puckett* makes a detailed argument for a change in the law by either the legislature or the courts. (*Puckett*, 175 Ill. App. 3d at 358-66, 529 N.E.2d at 1171-76 (Knecht, J., dissenting).) We conclude, as we did in *Puckett*, that any change should be made after careful consideration by either the legislature or our supreme court.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.