ASHLEY McKEOWN, a Minor, by Karla McKeown, her Mother and Next Friend, Plaintiff-Appellant, v. DAVID HOMOYA, d/b/a the Flight 148 Lounge, Defendant-Appellee.

Fifth District  No. 5—90—0347

Opinion filed March 11, 1991.

Patrick M. McCann, of McCann & Foley, of Murphysboro, for appellant.

Thomas L. Kilbride, of Klockau, McCarthy, Ellison & Marquis, P.C., of Rock Island, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Ashley McKeown, a minor, by Karla McKeown, her mother and next friend, appeals from the order of the circuit court

of Williamson County dismissing her complaint for failure to state a cause of action for which relief may be granted. We affirm.

During the evening of November 17, 1988, Philip Fries, plaintiff's father, visited the Flight 148 Lounge in Herrin, Illinois, owned by defendant, David Homoya, d/b/a The Flight 148 Lounge. At some point Fries was asked to leave the premises because of his intoxication. Prior to his departure, however, Fries purchased a case of beer and a fifth of whiskey. At approximately 3:45 a.m. on November 18, 1988, Fries died in an automobile collision on Interstate 57 just outside of Marion, Illinois. Plaintiff filed a complaint against defendant for negligent loss of support. The trial court dismissed her complaint on the basis that the Liquor Control Act of 1934 (Ill. Rev. Stat. 1987, ch. 43, par. 135) (the Dramshop Act), the exclusive remedy against tavern owners in actions for injuries or death to persons in consequence of intoxication, does not provide a common law action of negligence for loss of support.

Plaintiff first argues on appeal the Dramshop Act unconstitutionally denies her an available remedy by excluding any relief for loss of support. She further contends a common law cause of action should be recognized under the circumstances here of a tavern selling large quantities of alcohol to an intoxicated individual *after* requesting him to leave the premises because of his intoxication. While we are sympathetic to plaintiff's plight, we regrettably have no choice but to affirm the dismissal of her complaint.

■ The courts of this State have repeatedly and consistently held since its enactment that the Dramshop Act provides the exclusive remedy in Illinois against tavern owners and operators for injuries caused by an intoxicated person or in consequence of intoxication, there being no common law liability for the negligent sale or supply of liquor in this State. (See, *e.g., Jodelis v. Harris* (1987), 118 Ill. 2d 482, 488, 517 N.E.2d 1055, 1058-59; *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 30-31, 174 N.E.2d 153, 157.) While at one time the loss of support to the family of the intoxicated person in consequence of his intoxication was a recognized cause of action, it no longer is, as a result of an amendment to the Act (Ill. Rev. Stat. 1987, ch. 43, par. 135(a)), effective January 1, 1986, prohibiting recovery for loss of means of support "on the intoxicated person himself or on any person claiming to be supported by such intoxicated person." (See *Glinka v. Flame of Countryside, Inc.* (1988), 171 Ill. App. 3d 81, 83, 524 N.E.2d 1102, 1103.) Because the Dramshop Act is a purely statutory cause of action, the legislature can choose to abrogate available remedies through subsequent legislation. (*Glinka,*

171 Ill. App. 3d at 84, 524 N.E.2d at 1103-04.) More importantly, as the legislature is the only entity with the power to set the terms of recovery and liability without interference from the courts for an action unknown at common law, the freedom with which we may act to alleviate perceived injustices is thereby restricted. *Stevens v. Lou's Lemon Tree, Ltd.* (1989), 187 Ill. App. 3d 458, 462-63, 543 N.E.2d 293, 296-97.

■ Plaintiff argues, however, the Act as it currently stands denies her her right to "a certain remedy" as guaranteed by article I, section 12, of the Illinois Constitution (Ill. Const. 1970, art. I, §12). Section 12 of article I, which provides, "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation," is "an expression of a philosophy," not a mandate that a "certain remedy" be provided in any specific form. (See *Defend v. Lascelles* (1986), 149 Ill. App. 3d 630, 642, 500 N.E.2d 712, 720; *Pantone v. Demos* (1978), 59 Ill. App. 3d 328, 332, 375 N.E.2d 480, 483.) As the courts have repeatedly held, the Dramshop Act creates a remedy, not abrogates one. (*Cunningham*, 22 Ill. 2d at 28-29, 174 N.E.2d at 156.) More importantly, the existence of *any* legislative remedy, albeit limited, does not require the courts to recognize an additional or expanded remedy. (See *Cunningham*, 22 Ill. 2d at 30, 174 N.E.2d at 157; *Stevens*, 187 Ill. App. 3d at 465, 543 N.E.2d at 298; *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 112, 440 N.E.2d 279, 281.) Any extension of liability for the sale or supply of liquor beyond the historical limits of the Dramshop Act, therefore, is a function of the legislature, not of the courts. (*Gora*, 109 Ill. App. 3d at 112, 440 N.E.2d at 281-82; see also *Richardson v. Ansco, Inc.* (1979), 75 Ill. App. 3d 731, 732, 394 N.E.2d 801, 802.) Consequently, plaintiff's failure to state a cause of action simply cannot be cured by alleging she should have a remedy as provided in article I, section 12, of the Illinois Constitution. *Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 951, 381 N.E.2d 1367, 1374.

■■ Plaintiff next urges us to recognize a common law action under the circumstances presented here. Unfortunately, there is no common law cause of action based upon the willful and wanton misconduct by a tavern owner in connection with the sale or supply of alcohol, no matter how egregious the underlying facts of the cause of action are. (See *Ruth v. Benvenutti* (1983), 114 Ill. App. 3d 404, 406, 449 N.E.2d 209, 211.) While we agree with plaintiff that defendant's conduct in this instance certainly was outrageous, we must reiterate the only remedy in Illinois against tavern owners and operators for

injuries caused by an intoxicated person or in consequence of intoxication is that provided by the legislature in the Dramshop Act. It is true under some circumstances a common law negligence cause of action beyond the Act has been recognized against tavern owners. (See, *e.g. Harris v. Gower, Inc.* (1987), 153 Ill. App. 3d 1035, 506 N.E.2d 624; *Lessner v. Hurtt* (1977), 55 Ill. App. 3d 195, 371 N.E.2d 125.) These cases, however, do not involve injuries resulting from the negligent sale or supply of alcohol, but rather concern injuries resulting from the failure of a general duty to keep business premises safe (see *Lessner*, 55 Ill. App. 3d at 197, 371 N.E.2d at 126) or from the placing of one in peril beyond the sale or supply of alcohol (see *Harris*, 153 Ill. App. 3d at 1038, 506 N.E.2d at 626). (*Goodknight v. Piraino* (1990), 197 Ill. App. 3d 319, 322-24, 554 N.E.2d 1, 3-4.) Unfortunately for plaintiff, the injury here arises from the sale of intoxicating beverages. Consequently, plaintiff's remedy, if any, must be found within the confines of the Dramshop Act. We further note a tavern has no duty to restrain a patron from driving away no matter how intoxicated that individual may be. (See *Gustafson v. Mathews* (1982), 109 Ill. App. 3d 884, 888, 441 N.E.2d 388, 391; see also *Badillo v. De Vivo* (1987), 161 Ill. App. 3d 596, 599, 515 N.E.2d 681, 684 (tavern operator/owner has no duty to protect patrons from injuries that occur after patron leaves premises).) Regrettable as this result may be, we are compelled to conclude the matter is one for the legislature to remedy.

For the aforementioned reasons, we affirm the order of the circuit court of Williamson County dismissing plaintiff's complaint for failure to state a cause of action for which relief may be granted.

Affirmed.

LEWIS and GOLDENHERSH, JJ., concur.