SHIRLEY FITZPATRICK, Indiv. and as Adm'r of the Estate of Natalie Ann Hastie, Plaintiff-Appellant, v. CARDE LOUNGE, LTD., Indiv. and d/b/a Chicago 21, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—91—0960

Opinion filed July 30, 1992.—Rehearing denied October 27, 1992.

Law Offices of Donald J. Nolan, of Chicago (Robert H. Mittelman, of counsel), for appellant.

Law Offices of Sherwin Greenberg, of Chicago (Sherwin Greenberg, of counsel), for appellee Carde Lounge, Ltd.

Kristin R. Maravelias, of Ott & Platt, of Chicago, for appellees Michael Rabin and Irving Rabin.

JUSTICE JOHNSON delivered the opinion of the court:

Shirley Fitzpatrick, plaintiff, appeals from an order of the circuit court of Cook County dismissing counts XI, XII and XIII of her fourth amended complaint against defendants Carde Lounge, Ltd., d/b/a Chicago 21, Michael Rabin, and Irving Rabin pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch.

110, par. 2—615). The trial court held that plaintiff could not maintain a common law negligence action against a tavern owner for selling alcoholic beverages to a minor who caused injury to a third person. On appeal, the issues are (1) whether the trial court erred in finding that plaintiff could not bring a common law cause of action against defendants based on the violation of the Liquor Control Act of 1934 (the Dramshop Act) (Ill. Rev. Stat. 1987, ch. 43, par. 135), and (2) whether plaintiff properly stated a cause of action against defendants for the negligent failure to protect a patron from the criminal attack of a third person.

We affirm.

On September 6, 1987, Natalie Hastie and Russell Phillips were patrons of Chicago 21, a tavern owned by Carde Lounge, Ltd., and located on the premises owned by Michael and Irving Rabin. Phillips, a minor, was served intoxicating beverages at the tavern. Shortly thereafter, a fight ensued between Phillips and other patrons in the tavern. The fight continued outside the tavern, where Phillips got into his automobile and drove it toward Hastie. Hastie was struck by the automobile while near the intersection of Meade Street and Belmont Avenue in Chicago. She sustained injuries which resulted in her death.

Shirley Fitzpatrick, as administrator of the estate of Hastie, filed a fourth amended complaint alleging a cause of action against defendants for the illegal sale of alcohol to a minor which proximately caused Hastie's death. Plaintiff also alleged a cause of action against defendants for the negligent failure to protect their patron from the criminal attack of a third party. The trial court dismissed the counts on the ground that the Dramshop Act was plaintiff's exclusive remedy against a tavern owner who illegally sells intoxicating beverages to a minor which results in death or injury to a third party.

Plaintiff argues that defendants should be held liable at common law for the sale of alcohol to a minor which results in injury to a third party. Plaintiff contends that based on the holding in *Cravens v. Inman* (1991), 223 Ill. App. 3d 1059, she is entitled to maintain a negligence action against defendants, a tavern owner and owners of the tavern's premises. However, she is mistaken.

■ In *Cravens*, this panel recognized the existence of social host negligence liability for automobile accident injuries caused by an intoxicated minor driver. We emphasized that our holding was limited to the precise facts alleged in plaintiff's pleading, which stated as follows:

> "[W]here (1) a social host has knowingly served alcohol, and permits the liquor to be served, to youths under 18 years of

age at the social host's residence, (2) the social host permits the minors' consumption to continue to the point of intoxication, and (3) the social host allows the inebriated minors to depart from the residence in a motor vehicle." *Cravens*, 223 Ill. App. 3d at 1076.

In limiting liability to social hosts, we recognized that in *Cunningham v. Brown* (1961), 22 Ill. 2d 23, our supreme court held that the Dramshop Act was the exclusive remedy against a tavern. (*Cravens*, 223 Ill. App. 3d at 1073.) We noted that there was no additional civil action for violation of the statute since such a remedy would be duplicative of the remedy provided for under the Dramshop Act. (*Cravens*, 223 Ill. App. 3d at 1067.) We reasoned that since neither the Dramshop Act nor the Liquor Control Act of 1934 (Ill. Rev. Stat. 1989, ch. 43, par. 93.9) contained a provision regarding social hosts, recognition of social host liability would not be duplicative of the liability created by these statutes. *Cravens*, 223 Ill. App. 3d at 1072-73.

■ "The courts of this State have repeatedly and consistently held since its enactment that the Dramshop Act provides the exclusive remedy in Illinois against tavern owners and operators for injuries caused by an intoxicated person or in consequence of intoxication, there being no common law liability for the negligent sale or supply of liquor in this State." *McKeown v. Homoya* (1991), 209 Ill. App. 3d 959, 961, citing *Jodelis v. Harris* (1987), 118 Ill. 2d 482, 488; see also *Hopkins v. Powers* (1986), 113 Ill. 2d 206; *Wimmer v. Koenigseder* (1985), 108 Ill. 2d 435; *Puckett v. Mr. Lucky's Ltd.* (1988), 175 Ill. App. 3d 355; *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109.

This court is bound by the decisions of the Illinois Supreme Court which have long limited liability relating to furnishing alcohol to the coverage of the Dramshop Act. Although plaintiff has requested that we recognize common law negligence liability for a commercial vendor's sale of liquor to a minor, such a decision is best left to the supreme court or the legislature. We therefore find that the trial court did not err in finding that plaintiff could not maintain a common law action against defendants based on violation of the Dramshop Act.

Plaintiff next contends that defendants were negligent in failing to protect Hastie, their patron, from a criminal attack. Plaintiff maintains that this cause of action has nothing to do with whether or not alcohol was served to the minor, but is a common law action based upon premises liability.

The elements of an action based on common law negligence are the existence of a duty owed by defendant to plaintiff, a breach of

that duty, and an injury proximately caused by that breach. (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140.) Further, "[w]hether a duty exists in a particular case is a question of law to be determined by the court." *Ward,* 136 Ill. 2d at 140.

■■ Reasonable foreseeability of injury is an important factor on which to base the existence of a legal duty; however, it is not the only consideration. Other factors "include the likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant." (*Ward,* 136 Ill. 2d at 140-41.) Further, a business owner owes his customers a duty to exercise reasonable care to maintain his premises in a reasonably safe condition (*Ward,* 136 Ill. 2d at 141); however, he is not required to protect a plaintiff after he leaves the premises (*Badillo v. De Vivo* (1987), 161 Ill. App. 3d 596, 599).

■■ A motion to dismiss for failure to state a claim should be granted if the pleadings fail to set forth facts which will entitle the plaintiff to recovery. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504.) "All facts properly pleaded are taken as true [citation]; however, conclusions of law or fact unsupported by allegations of specific fact upon which the conclusions rest are not admitted as truth." *Professional Executive Center v. La Salle National Bank* (1991), 211 Ill. App. 3d 368, 378.

■■ We do not believe plaintiff's complaint alleged facts that would extend defendants' general duty of reasonable care to the risk encountered by plaintiff. In the case at bar, plaintiff alleges that Phillips was involved in a fight while on defendants' premises. The fight continued off the premises during which time Phillips drove his motor vehicle at Hastie while near the intersection of Meade Street and Belmont Avenue. The complaint does not allege a connection between the alleged fight which occurred on defendants' premises and the operation of an automobile by Phillips near Meade Street and Belmont Avenue. Based on plaintiff's complaint, there is no relationship between anything which transpired inside of defendants' premises and the operation of a motor vehicle by Phillips.

Furthermore, this court has "held that requiring a business operator to protect its patrons from injuries that occur after the patron leaves the premises places an unjustifiable burden on the operator and on the police force." (*Badillo v. De Vivo* (1987), 161 Ill. App. 3d 596, 599.) The cases discussed by plaintiff to establish the existence of a common law action based on premises liability are inappropriate to this appeal. In *Smith v. 601 Liquors, Inc.* (1968), 101 Ill. App. 2d 306, the court found that plaintiff was assaulted while in defendant's tav-

ern. Similarly, in *Figueroa v. Evangelical Covenant Church* (N.D. Ill. 1988), 698 F. Supp. 1408, plaintiff's injury was sustained on defendant's premises in the parking lot. Plaintiff also cites *Lipscomb v. Coppage* (1963), 44 Ill. App. 2d 430, where the wrongful conduct took place on defendant's premises. In this case, the wrongful conduct occurred while off plaintiff's premises. We therefore find that defendants were not required to protect Hastie against the injury caused by Phillips' wrongful conduct. Plaintiff has failed to set forth sufficient facts to establish the existence of a legal duty owed by defendants to plaintiff.

For the foregoing reasons, we affirm the ruling of the circuit court.

Affirmed.

JIGANTI, P.J., and McMORROW, J., concur.