GARY LYNN ROBERTSON, Adm'r of the Estate of Gary Lee Robertson, Plaintiff-Appellant, v. CRAIG OKRAJ et al., Defendants-Appellees.

Fourth District   No. 4—93—0157

Argued August 24, 1993.—Opinion filed September 16, 1993.

KNECHT, J., dissenting.

John D. McFetridge (argued), of Manion, Janov & Devens, Ltd., of Danville, for appellant.

W. Scott Murphy (argued), of Erickson, Davis, Murphy, Griffith & Walsh, Ltd., of Decatur, for appellees.

JUSTICE GREEN delivered the opinion of the court:

On August 20, 1992, plaintiff Gary Lynn Robertson, administrator of the estate of Gary Lee Robertson, deceased, filed an amended complaint in the circuit court of Champaign County against defendants Craig Okraj, Robert Okraj, and Judith Okraj, following remand from this court. (*Robertson v. Okraj* (4th Dist. 1992), No. 4—91—0512 (unpublished order under Supreme Court Rule 23).) Plaintiff sought damages for the allegedly wrongful death of the decedent. On February 9, 1993, the circuit court entered an order granting defendants' motion to dismiss the complaint, as amended, for failure to state a cause of action as to any defendant. Plaintiff appeals. We affirm.

Counts I, II, and III of plaintiff's six-count amended complaint included allegations against each of the defendants that (1) on October 29, 1989, the decedent was a guest and invitee of the defendants at their home; (2) defendants had a duty to exercise reasonable care for the safety of decedent; (3) defendants provided decedent with alcoholic beverages, which decedent consumed, and he became intoxicated and unconscious; (4) while decedent was intoxicated and unconscious, decedent was removed from defendants' premises by defendant Craig Okraj and others, was taken by automobile to an apartment occupied by decedent and certain third persons, and was abandoned; (5) Okraj's last contact with decedent was the placing of decedent in an automobile; (6) the third persons, Gary Townsley and Todd Cooper, who also lived in the apartment, "deposited" the unconscious decedent on the floor of the apartment and subsequently placed him in bed; (7) Gina Bilaski and Cooper later heard decedent making "gurgling" or "snoring" noises; (8) defendants were negligent in (a) knowing decedent to be unconscious, carelessly and negligently placing him in a dangerous situation, *i.e.*, abandoning him without medical assistance or medical attention; (b) failing to provide medical assistance for the decedent; and (c) failing to render treatment, assistance or first aid; and (9) as a

result of defendants' negligence, decedent died of aspiration of gastric contents.

Counts IV, V, and VI of the complaint alleged (1) defendants were hosting a party on October 29, 1989, and they were aware that the guests included persons who were over and those who were under the age of 21; (2) defendants knowingly served beer and alcohol to all guests, without supervision, and without determining whether minors were consuming such beverages; (3) defendants had a duty to exercise ordinary care in adhering to public policy and all statutes and ordinances prohibiting the consumption of alcoholic beverages by minors; (4) defendants knew or should have known that drinking alcoholic beverages to such a state of intoxication as to cause the intoxicated person to experience coma created a strong likelihood of injury or death; (5) defendants knew that many of the guests were under the age of 21 and were showing the effects of intoxication, but they continued to distribute the alcoholic beverages to these guests; and (6) decedent, who was 18 years old at the time of his death, was a minor for purposes of consuming alcoholic beverages, but he consumed beer and straight grain "Everclear" alcohol and was permitted to continue to consume alcoholic beverages while already in a state of intoxication.

Plaintiff further alleged that defendants breached the duty to exercise ordinary care by negligently (1) entrusting alcoholic beverages to persons under the age of 21; (2) permitting the consumption of alcoholic beverages by persons under the age of 21, including decedent; (3) failing to supervise the activities of the minors who were consuming alcoholic beverages; and (4) providing and permitting the continuous consumption of alcoholic beverages by guests under the age of 21, when such persons were already showing the effects of intoxication. Plaintiff alleged that as a direct and proximate result of one or more of the negligent acts and/or omissions, the decedent consumed alcoholic beverages resulting in his intoxication and ultimate death.

Plaintiff alleged that the defendants, after causing decedent's intoxication, made no effort to determine the manner in which the decedent was planning to leave the premises, the decedent's physical condition when he left the premises or what provisions were made for his health and safety. Plaintiff's final allegation was that as a direct and proximate result of decedent's intoxication, he became unconscious and comatose, and while in that condition, after leaving the party, died from aspiration of gastric contents.

In remanding this case, this court noted that, although it had initially affirmed the judgment of the circuit court in dismissing the complaint, the plaintiff had argued he could easily amend his com-

plaint to allege a cause of action recognized in *Cravens v. Inman* (1991), 223 Ill. App. 3d 1059, 586 N.E.2d 367. Since *Cravens* was decided after the circuit court dismissed the appeal here, this court determined fairness to plaintiff would be served by allowing him to amend his complaint pursuant to *Cravens*.

The trial court subsequently allowed defendants' motion to dismiss the amended complaint, stating that the facts of *Cravens* are so dissimilar to the case at bar that *Cravens* is inapposite. The court noted *Cravens* was limited to its own facts, and precedent required the conclusion that the defendants "did not owe a duty in the premises." Accordingly, the court dismissed the complaint pursuant to section 2—615 of the Code of Civil Procedure. Ill. Rev. Stat. 1991, ch. 110, par. 2—615.

In *Fitzpatrick v. Carde Lounge, Ltd.* (1992), 234 Ill. App. 3d 875, 877, 602 N.E.2d 19, 21, the court held that the *Cravens* court "recognized the existence of social host negligence liability for automobile accident injuries caused by an intoxicated minor driver." The *Fitzpatrick* court emphasized that the holding in *Cravens* was limited to the precise facts alleged in plaintiff's pleading. In *Cravens*, plaintiff's minor daughter died from injuries she sustained in an automobile accident which occurred while the minor was a passenger in a motor vehicle driven by a friend, Rita Lenzi, who was also a minor. That plaintiff alleged (1) those defendants were negligent in serving alcohol to Lenzi at a social gathering at their home; (2) those defendants allowed Lenzi to become intoxicated and leave their home in an automobile; and (3) Lenzi thereafter drove the automobile in a reckless manner, resulting in a crash that caused the death of decedent.

The *Cravens* court repeatedly emphasized the extraordinary toll in personal injuries and property damage caused by alcohol-related automobile accidents. The court further noted that other States have recognized social host liability "where the host has served alcohol to a minor who becomes intoxicated, drives an automobile, and causes an injury-producing accident." (*Cravens*, 223 Ill. App. 3d at 1070, 586 N.E.2d at 374.) In reversing the trial court's dismissal of counts II and III of that plaintiff's amended complaint, and remanding to the trial court, the *Cravens* court stated its holding was limited to those facts alleged by plaintiff and expressed no opinion with respect to any other factual situations.

This court allowed plaintiff the opportunity to amend his complaint solely for the purpose of alleging a cause of action recognized in *Cravens*. Plaintiff was unable to do so. Here, the intoxicated person was 18 years of age on the night he died, but did not drive an auto-

mobile, and his death did not result from injuries sustained in an automobile collision. Plaintiff has clearly failed to state a cause of action based upon the narrow holding of *Cravens*.

Moreover, plaintiff has failed to state a cause of action under any theory. Illinois generally does not recognize a common law cause of action against suppliers of liquor, whether they are commercial suppliers (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153) or noncommercial suppliers (*Heldt v. Brei* (1983), 118 Ill. App. 3d 798, 455 N.E.2d 842). Rather, the only remedy against suppliers of liquor is that provided by the Liquor Control Act of 1934 (Act) (Ill. Rev. Stat. 1991, ch. 43, par. 93.9 *et seq.*). The only exceptions have been where the owner of a dramshop was negligent for failing to protect its patrons from physical harm by persons on the premises (*e.g., Lessner v. Hurtt* (1977), 55 Ill. App. 3d 195, 197, 371 N.E.2d 125, 126) and where the owners of a tavern took an intoxicated, unconscious patron out of the building and placed him in his freezing car where he froze to death (*Harris v. Gower, Inc.* (1987), 153 Ill. App. 3d 1035, 1036-37, 506 N.E.2d 624, 625). The *Harris* court found liability because the defendants placed decedent in a position of peril where he would foreseeably be injured and not because they provided alcoholic liquors which he consumed.

The instant case does not come within any recognized exception to the limitation of liability for providing alcohol: the decedent was not harmed by a third person on defendants' premises; defendants did not place decedent in a position where he would foreseeably be injured such as did the *Harris* defendants; and unlike in *Erne v. Peace* (1987), 164 Ill. App. 3d 420, 517 N.E.2d 1203, cited by plaintiff, defendants met their burden of protecting decedent while he was on their property, entrusting decedent to the care of his roommates, who took him to his own apartment and ultimately put him in his own bed.

Furthermore, the Act restricts dramshop liability to instances where a third person suffers damages as a result of the sale or gift of intoxicating liquors. (*Jodelis v. Harris* (1987), 118 Ill. 2d 482, 487, 517 N.E.2d 1055, 1058.) "Neither the Dramshop Act nor the common law exposes dramshops to liability when intoxicated patrons suffer injuries as a result of their own intoxication." (*Jodelis*, 118 Ill. 2d at 488, 517 N.E.2d at 1058.) Nor has liability been found when the intoxicated person leaves the premises and is injured.

In *Gora v. 7-11 Food Stores* (1982), 109 Ill. App. 3d 109, 440 N.E.2d 279, the 17-year-old plaintiff purchased alcoholic liquors from defendant, became intoxicated and unconscious in a bank of snow, and suffered frostbite and related injuries. The court stated plaintiff had

no remedy under the Act or common law even though plaintiff was a minor and a member of a protected class of persons whose purchase of liquor was statutorily prohibited.

Placing an even greater duty on a social host than would be placed upon a dramshop is not logical. Under prevailing precedent, except under the circumstances stated in *Cravens*, social hosts who furnish alcoholic beverages to a guest are not liable if the guest subsequently becomes intoxicated and injures himself or herself. See *Estate of Ritchie v. Farrell* (1991), 213 Ill. App. 3d 846, 848, 572 N.E.2d 367, 368.

Defendants owed no duty to decedent, who allegedly voluntarily became intoxicated, left the premises with third persons and subsequently died of an unforeseeable aspiration of gastric contents while he was in his own bed.

This court and all Illinois courts have repeatedly refused to recognize a cause of action against a social host who has provided liquor to an individual who dies after leaving a private party. (See, *e.g., Flory v. Weaver* (1990), 196 Ill. App. 3d 149, 553 N.E.2d 105.) Under the facts of this case, even a dramshop owner would not owe a duty to decedent.

Accordingly, for the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

COOK, J., concurs.

JUSTICE KNECHT, dissenting:

I disagree with the majority and do not believe *Cravens* need be read so narrowly. Further, our opinion in *Quinn v. Sigma Rho Chapter of Beta Theta Pi Fraternity* (1987), 155 Ill. App. 3d 231, 507 N.E.2d 1193, is supportive of plaintiff's position.

We are asked to expand the present state of the law, but that request is not surprising given the decision in *Cravens* and societal concern with the abuse of alcohol by underage drinkers.

The questions of ultimate recovery, the merits of plaintiff's position and whether the decedent's friends or roommates somehow intervened and broke any chain of causation are not before us. This pleading and the motion to dismiss hinge on duty. Does a social host have a duty to refrain from furnishing intoxicants to underage guests? The answer is yes. The public policy and statutory law make that conduct a crime. Ill. Rev. Stat. 1991, ch. 43, par. 131.

Hazing is a Class B misdemeanor. (Ill. Rev. Stat. 1991, ch. 144, par. 221.) The violation of that statute was a significant part of our decision in *Quinn*. In my view, the legal prohibition against furnishing alcohol to minors is designed for the protection of human life, health and welfare. The violation of such a statute is *prima facie* evidence of negligence. (*First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 9, 373 N.E.2d 1326, 1330.) The decedent here was 18 and was a member of the class of persons the statute was designed to protect. The decedent suffered the harm the statute was designed to prevent, *i.e.*, he became intoxicated and died. Our decision in *Quinn* is logically and legally supportive of extending social host liability in this case.

Perhaps it can be argued the decedent did this to himself by choosing to consume vast quantities of alcohol. That argument does not address the issue of whether a cause of action has been stated against social hosts who—on the basis of the complaint—furnished alcohol to underage drinkers, took no precautions to prevent underage drinking, tacitly encouraged the drinking because of easy availability and then did nothing when decedent became intoxicated and unconscious. It is foreseeable and likely that bad things will happen when underage drinkers consume alcohol to the point of inebriation. What burden is it to prevent such an occurrence?

One might choose not to serve alcohol at large social gatherings where consumption cannot be regulated. One might choose to obey the law and refrain from furnishing alcohol to underage guests. Those steps are not burdensome. The activity was illegal and dangerous. *Cravens* may suggest the serious problem is limited to drunk drivers and the harm caused to third persons. Both *Quinn* and this case suggest the problem goes beyond the highways and intrudes into our schools, our social lives, our families and our homes.

Plaintiff may never recover. Plaintiff may not deserve to recover. There may be no liability. There may be an intervening cause. Those are matters for another day. For now, the plaintiff has stated a cause of action.